**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William M. MYERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 21, 2005.

Filed March 22, 2006.

Reargument Denied May 23, 2006.

James J. Karl, Lancaster, for appellant.

Melissa R. Montgomery, Asst. Dist. Atty., Lancaster, for Com., appellee.

BEFORE: HUDOCK, ORIE MELVIN and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant William M. Myers appeals the judgment of sentence entered on June 2, 2005, in the Court of Common Pleas of Lancaster County, following revocation of his sentence of probation for indecent assault and corruption of minors and revocation of parole for a statutory sexual assault conviction. Additionally, Appellant's attorney, James J. Karl, Esquire, of the Lancaster County Public Defender's Office, has filed an application to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and its Pennsylvania equivalent, *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). Upon review, we deny Attorney Karl's application to withdraw and remand.

¶ 2 The relevant facts and procedural background of this case are as follows: On July 13, 2000, Appellant pleaded guilty to statutory sexual assault, indecent assault,

and corruption of minors. Pursuant to a negotiated plea agreement, Appellant was sentenced to time-served to 23 months of incarceration, to be followed by a consecutive 5 year term of probation. Appellant served the incarceration component of his sentence, but, in January 2005, Appellant checked himself into the hospital after overdosing on sleeping pills. Following his release from the hospital, Appellant used crack cocaine and solicited a prostitute. Therefore, based on the aforementioned acts, on March 22, 2005, Appellant was charged with technical violations of his probation.

¶ 3 On May 19, 2005, following a hearing, the trial court revoked Appellant's probation and sentenced him to an aggregate sentence of 2½ to 5 years of incarceration, to be followed by a consecutive 5 year term of probation. Appellant, through counsel, filed a timely motion to modify sentence. Thereafter, on June 2, 2005, the trial court granted Appellant's motion and modified Appellant's sentence. The trial court imposed an aggregate sentence of 1½ to 3 years of incarceration, to be followed by a 5 year term of probation.

¶ 4 Appellant filed a notice of appeal to this Court on June 20, 2005. Thereafter, the trial court ordered Appellant to file a concise statement of matters complained of on appeal. Attorney Karl filed a concise statement on Appellant's behalf that stated that there were no meritorious issues for review and that Attorney Karl would seek to withdraw from Appellant's representation pursuant to *Anders.* The trial court, in turn, authored an opinion that addressed generally the rationale it used to craft Appellant's sentence following probation revocation.

¶ 5 Appellant presents the following issue in the *Anders* brief:

> Was not the [trial court's] sentence on a technical violation of probation of 1½ to 3 years of incarceration, followed by 5 years [of] probation, manifestly excessive and improperly based upon the probation officer's vague and unsubstantiated opinions regarding [Appellant's] being a danger to the community?

*Anders* brief for Appellant, at 4.[1]

¶ 6 Due to Attorney Karl's failure to abide by Pa.R.A.P. 1925(b), we will not consider the propriety of the *Anders* brief he filed on Appellant's behalf. We reach this decision due to our recent holding in *Commonwealth v. West,* 883 A.2d 654 (Pa.Super.2005). In *West,* the Public Defender's Association of Philadelphia County filed a notice of appeal on West's behalf but failed to file a proper Pa.R.A.P. 1925(b) statement. *West,* 883 A.2d at 656. The trial court authored a brief opinion that explained that the evidence was sufficient to convict West of first-degree murder and that there were no errors of law that called for a new trial in the case. *Id.,* 883 A.2d at 656. Thereafter, the Public Defender's Association presented to this Court a brief on Appellant's behalf that assailed the sufficiency of the evidence and asserted the ineffective assistance of the Public Defender's Association for failing to file a proper Pa.R.A.P. 1925(b) statement. *Id.,* 883 A.2d at 656.

¶ 7 On review, we applied our Supreme Court's recent ruling in *Commonwealth v. Halley,* 582 Pa. 164, 870 A.2d 795 (2005), to the facts of the case. In *Halley,* our Supreme Court held that the failure to file an ordered Pa.R.A.P. 1925(b) statement on

---

**1.** Pursuant to his rights under *Anders* and *McClendon,* Appellant has also filed a brief *pro se* with this Court, alleging essentially that the ineffectiveness of previous counsel result-ed in a manifestly excessive sentence. For the reasons set forth *infra,* we will not address these contentions.

behalf of a criminal defendant seeking to appeal his sentence represented actual or constructive denial of the assistance of counsel and, as a result, prejudice is presumed. *West*, 883 A.2d at 657 (*citing Halley*, at 172, 870 A.2d at 801). Therefore, the Supreme Court held that the proper remedy for the deprivation of this right is restoration of that right. *Id.*, 883 A.2d at 657 (*citing Halley*, at 172, 870 A.2d at 801). Thus, *Halley* stands for the proposition that, in the extreme circumstance where counsel has effectively abandoned his or her client and cannot possibly be acting in the client's best interests by failing to file a Pa.R.A.P. 1925(b) statement, the risk should fall on counsel and not the client. *Id.*, 883 A.2d at 658 (*citing Halley*, at 172, 870 A.2d at 801).

¶ 8 Consequently, applying *Halley*, we held that the proper remedy for West's attorney's failure to file a substantive Pa. R.A.P. 1925(b) statement was to remand for the filing of a proper Pa.R.A.P. 1925(b) statement. *West*, 883 A.2d at 657–58. Therefore, we remanded the case with the directive for counsel to file a proper Pa. R.A.P. 1925(b) statement and for the trial court to file a supplemental Pa.R.A.P. 1925(a) opinion. *Id.*, 883 A.2d at 658. We did not require the trial court to appoint new counsel, although we permitted the trial court to appoint new counsel, if necessary. *Id.*, 883 A.2d at 658.

¶ 9 Prior to *West* and *Halley*, when presented with the present procedural situation, the practice of this Court was to review the issues presented in an appellant's *Anders* brief despite their apparent waiver under the doctrine set forth in *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1999) (failure to present issue in ordered Pa.R.A.P. 1925(b) statement constitutes wavier of issue). *See, e.g., Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa.Super.2003). After undertaking this review, we would rule on counsel's petition to withdraw. *Bishop*, 831 A.2d at 660. We engaged in this review because we concluded that to find otherwise would prevent a defendant from choosing to proceed *pro se* as permitted under *Anders*, as no claims would be preserved for appellate review. *Bishop*, 831 A.2d at 660. However, *West* and *Halley* call such review into question.

¶ 10 Clearly, as in *West* and *Halley*, the facts of this case present an extreme situation. Attorney Karl's failure to abide by the Rules of Appellate Procedure runs flatly contrary to the holding and spirit of both *Anders* and *McClendon* and frustrates the efficient administration of justice. The holding and spirit of both *Anders* and *McClendon* indicate that there should be **no significant difference** between an attorney's representation of a defendant after he has been sentenced and before his appeal has reached this Court for adjudication. This is because, as in all cases, post-sentence counsel winnows through frivolous issues that a defendant may want to present on appeal in order to argue with greater clarity other meritorious issues that the defendant wishes to present. *See, e.g., United States v. Hart*, 693 F.2d 286, 286 n. 1 (3rd Cir.1982) (discussion of effective appellate advocacy). It is only after this winnowing process has occurred that counsel may proceed, in the *appellate courts*, under the procedure set forth in *Anders*. However, even while proceeding under *Anders*, counsel is obligated to present the issues that the appellant wants reviewed properly in order to preserve the rights of his client. *See McClendon*, at 470, 434 A.2d at 1186. The previous practice of this Court in *Bishop* merely presents an opportunity for attorneys seeking to withdraw pursuant to *Anders* to shirk their duty to their client to review the record conscientiously *during the pre-argument stage* of appeal. More-

over, this practice places the advocacy of the withdrawing-attorney's client, in part, in the hands of the appellate courts. We decline the invitation to permit this practice to continue in the future, and, extending the rationale of *West* and *Halley,* we conclude that the proper course for this Court is to forbid the use of *Anders* as a vehicle to circumvent the Rules of Appellate Procedure. *West,* 883 A.2d at 657–58.

¶ 11 Accordingly, given Attorney Karl's failure to file a Pa.R.A.P. 1925(b) statement, we will deny Attorney Karl's application to withdraw and remand this case to the trial court for the filing of a proper Pa.R.A.P. 1925(b) statement within thirty days of the filing of this opinion. *West,* 883 A.2d at 657–58; *but see Bishop,* 831 A.2d at 660–61. The trial court will file a supplemental opinion within thirty days thereafter. The trial court may appoint new counsel if, in its discretion, it deems that the appointment of counsel is necessary for the proper disposition of this appeal. The Prothonotary of this Court will establish a new briefing schedule for the parties.

¶ 12 Application to withdraw denied. Remanded for proceedings consistent with this opinion. Panel jurisdiction retained.