J-S72024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES RICHARD SCHWENK, | : | |
| | : | |
| Appellant | : | No. 565 WDA 2014 |

Appeal from the Judgment of Sentence Entered March 14, 2014,
In the Court of Common Pleas of Erie County,
Criminal Division, at No. CP-25-CR-0002496-2013.

BEFORE:  BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                          **FILED JUNE 26, 2015**

Appellant, James Richard Schwenk, appeals from the judgment of

sentence of twelve to sixty months of imprisonment entered in the Court of

Common Pleas of Erie County on March 14, 2014, following Appellant's

conviction by a jury of one count of retail theft.  We affirm.

The trial court summarized the facts of this case as follows:

>    This matter involves a theft that occurred on May 9, 2013,
> at Lowe's in Summit Township, Pennsylvania.  On that date,
> Lowe's greeter, Ronald Mello, observed Appellant pushing a
> shopping cart containing a DeWalt power tool and leaving the
> store through the entrance, rather than the exit door.  N.T. Trial
> 01/23/14, at 13, 16, 19.  Mr. Mello asked Appellant to see his
> receipt, and Appellant ignored him and continued to exit the
> store.  *Id.*, at 13-14.  Mr. Mello followed Appellant and
> repeatedly requested to see his receipt.  Appellant refused and
> walked towards the bus stop.  *Id.*, at 14.  Police were
> subsequently dispatched and recovered the stolen item from

---

[*]  Retired Senior Judge assigned to the Superior Court.

Appellant. *Id*. at 29. Appellant told police that he purchased the saw and had a receipt, but was unable to produce it for police. *Id*., at 30.

> After he was placed in custody, Appellant and the Lowe's merchandise were transported back to Lowe's where employees identified Appellant as the individual who removed the box from the store. *Id*., at 30-31, 37. Lowe's manager, Mario Loredo, reviewed the surveillance tape moments after the theft and observed Appellant walk into the store empty-handed, enter and exit the tool department, and walk towards the entrance with the box partially hidden underneath the shopping cart. *Id*., at 34-36. Additionally, a Lowe's employee checked the bar code from the stolen box and confirmed that it had not been sold that day. *Id*., at 37-38.

Trial Court Opinion, 3/11/15, at 1–2.

Following imposition of sentence, as described above, Appellant filed a motion to reconsider sentence, which the trial court denied on March 24, 2014. On April 8, 2014, Appellant filed a timely notice of appeal, and concurrently, Appellant's counsel filed a statement of intent to file an **Anders**/**McClendon**[1] brief and a motion for bail pending appeal. On April 16, 2014, the trial court denied bail and issued an order pursuant to Pa.R.A.P. 1925(b). Thereafter, on May 6, 2014, in lieu of filing an opinion pursuant to Pa.R.A.P. 1925(a), the trial court issued an order directing the transmittal of the record to this Court, noting that it "improvidently issued a Concise Statement Order . . . given [defense counsel's] Statement of Intent to File an **Anders**/**McClendon** Brief . . . ." Order, 5/6/14, at 1 n.1

---

[1] **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), respectively.

(emphasis added). On June 2, 2014, new counsel entered her appearance on Appellant's behalf and filed an advocate's brief without seeking to file a Rule 1925(b) statement *nunc pro tunc*.

We stated in **Commonwealth v. Myers**, 897 A.2d 493 (Pa. Super. 2006): "[T]he proper course for this Court is to forbid the use of **Anders** as a vehicle to circumvent the Rules of Appellate Procedure." **Id**. at 496; **see also** Pa.R.A.P. 1925(c)(3) (instructing that if a criminal appellant "was ordered to file a [Concise] Statement and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge."). Thus, we remanded the instant case for the filing of a proper Pa.R.A.P. 1925(b) statement followed by a trial court opinion. The parties have filed briefs, the trial court has complied with our remand order, and the case is ready for disposition.

Appellant raises the following two issues for our review:

The evidence in this case was insufficient to establish that [Appellant] committed the crime of retail theft.

The sentence in this case was manifestly excessive and clearly unreasonable, particularly in its consecutiveness.

Appellant's Brief at 2.

Appellant first asserts that there was insufficient evidence to support the verdict because "he could have purchased the item." *Id*. at 7. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. *Commonwealth v. Diamond*, 83 A.3d 119 (Pa. 2013). It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. *Commonwealth v. James*, 46 A.3d 776 (Pa. Super. 2012). The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. *Commonwealth v. Vogelsong*, 90 A.3d 717, 719 (Pa. Super. 2014). "[I]n applying the above test, the entire record must be evaluated and all evidence actually received must be considered." *Commonwealth v. Estepp*, 17 A.3d 939, 944 (Pa. Super. 2011). Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Ratsamy*, 934 A.2d 1233 (Pa. 2007).

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.

*Id*. at 1235–1236 (emphasis in original, internal citation omitted).

Retail theft is defined, in pertinent part, as follows:

**(a) Offense defined.--**A person is guilty of a retail theft if he:

> (1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

18 Pa.C.S. § 3929(a)(1).

The trial court determined that Appellant's claim of insufficient evidence lacked merit. Following our thorough review of the record, we agree. The Commonwealth presented the testimony of Mario Loredo, the Lowe's assistant manager on duty the day in question. Mr. Loredo testified that he reviewed the store's videotape[2] that showed Appellant enter the store without any packages, go into the tool area, and then leave with a circular saw underneath his shopping cart. N.T., 1/23/14, at 34–35. Mr. Loredo also testified that he "ran the sku" on the box containing the saw, and the store had not sold that item "in weeks." *Id*. at 37.

---

[2] The videotape was unavailable at trial because "about a month after the incident . . . [Lowe's] went through a system update," and the footage was lost. N.T., 1/23/14, at 36.

The Commonwealth also presented the testimony of Ronald Mello, the Lowe's greeter who was working on the day of the incident. Mr. Mello testified he observed Appellant leaving the store through the entrance with a circular saw box underneath his cart. N.T., 1/23/14, at 13. When Mr. Mello asked Appellant for his receipt, Appellant ignored him and continued walking. *Id*. at 13–14. Mr. Mello followed Appellant through the parking lot and continued to ask for the receipt, stopping only when Appellant reached the highway. *Id*. at 14. Mr. Mello returned to the store and reported his observations to Mr. Loredo. *Id*.

The Commonwealth also presented the testimony of Pennsylvania State Trooper Timothy J. McConnell. N.T., 1/23/14, at 22. Trooper McConnell testified that he responded to a report of a theft in progress at Lowe's on Peach Street in Summit Township. *Id*. at 23. Upon arrival at Lowe's, the trooper inquired of people standing in the area if they had seen anyone carrying a saw box, and they directed him toward Peach Street. *Id*. at 24. Trooper McConnell approached Appellant, observed the saw box, and detained him. *Id*. at 27. Pennsylvania State Trooper Robert Harris, who originally received the police call but who was not in the area, took over the investigation. *Id*. at 28–29. Trooper Harris testified that Appellant could not produce a receipt for the circular saw. *Id*. at 30. Appellant eventually

was returned to the scene, where he was identified by Mr. Loredo and Mr. Mello, and he was arrested and charged with retail theft. *Id*. at 30–31.

This testimony establishes that the Appellant took "possession of, [or] carrie[d] away . . . merchandise . . . offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession . . . without paying the full retail value thereof." 18 Pa.C.S. § 3929(a)(1). Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence supports the verdict beyond a reasonable doubt. Thus, we reject Appellant's first claim.

Next, Appellant asserts that the trial court imposed an unreasonable sentence "particularly in its consecutiveness." Appellant's Brief at 8. Appellant's claim challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. ***Commonwealth v. Treadway***, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

> question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). Additionally, "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (quoting ***Commonwealth v. Kittrell***, 19 A.3d 532, 538 (Pa. Super. 2011)).

We note that Appellant has met the first three parts of the four-prong test required prior to our review of the merits of a discretionary challenge to a sentence: Appellant timely filed an appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we assess whether Appellant has raised a substantial question.

A determination as to whether a substantial question exists is made on a case-by-case basis. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

to the fundamental norms which underlie the sentencing process." *Id.* at 912–913.

It is well settled that bald claims of excessiveness due to the consecutive nature of sentences imposed will not raise a substantial question. *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013). In his Rule 2119 statement, Appellant asserts only that the sentence imposed, consecutive to "his prior docket number for which he was revoked," was not individualized. Appellant's Brief at 5. "Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (quoting *Commonwealth v. Pass*, 914 A.2d 442, 446–447 (Pa. Super. 2006)); 42 Pa.C.S. § 9721. We conclude that Appellant's unsupported claim is not sufficient to raise a substantial question that his standard-range sentence was inappropriate.

Even if a substantial question had been raised, Appellant's issue lacks merit, as explained by the trial court, as follows:

> As the record shows, before imposing sentence, this Court considered the following: (1) the pre-sentence investigative report; (2) Pennsylvania Sentencing Code and all its factors; (3) the Pennsylvania Sentencing Guidelines; (4) the statements

made at time of sentencing; (5) Appellant's schizoaffective disorder; and, (6) Appellant's prior record score. N.T. Sentencing, N.T. Sentencing, 03/14/14, at 10-18. The sentence was within the standard range of the sentencing guidelines and tailored to Appellant's individual situation. Any lesser sentence than the one imposed would have depreciated the nature of Appellant's conduct. Furthermore, imposition of a consecutive sentence was appropriate given the nature of Appellant's actions and he was not entitled to a "volume discount." **Commonwealth v. Hoag**, 665 A.2d 1212, 1214 (Pa. Super. 1995). Because Appellant's sentence was within the statutory limits and not manifestly excessive, there was no sentencing error.

Trial Court Opinion, 3/11/15, at 7.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2015