J-S10039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL A. COIA | : | |
| | : | |
| Appellant | : | No. 2069 EDA 2016 |

Appeal from the Judgment of Sentence January 19, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002007-2015,
CP-51-CR-0002008-2015, CP-51-CR-0002009-2015,
CP-51-CR-0009814-2015, CP-51-CR-0009836-2015

BEFORE: BOWES, J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 20, 2018**

Appellant Michael A. Coia appeals from the judgment of sentence following an open guilty plea to contempt for violating a protection from abuse order,[1] harassment,[2] stalking,[3] burglary,[4] and trespass.[5]  Appellant's counsel, Erin Boyle, Esq., has filed an ***Anders***[6] brief and a petition to withdraw.  We

---

[1] 23 Pa.C.S. § 6114(a).

[2] 18 Pa.C.S. § 2709(a)(1).

[3] 18 Pa.C.S. § 2709.1(a)(1).

[4] 18 Pa.C.S. § 3502(a)(1).

[5] 18 Pa.C.S. § 3503(a)(1).

[6] ***Anders v. California***, 386 U.S. 738 (1967).  We note that contrary to the record, the ***Anders*** brief states Appellant was convicted of terroristic threats.

quash the appeals from docket numbers 2008-2015, 2009-2015, 9814-2015, and 9836-2015, deny counsel's petition to withdraw, strike the **Anders** brief, and remand with instructions, as set forth below.

We need not state the facts leading to Appellant's open guilty plea, as they are not necessary for our disposition. Briefly, on November 10, 2015, Appellant entered an open guilty plea. Subsequently, after a pre-sentence investigation, the court sentenced him on January 19, 2016, at all five of the above-captioned docket numbers.

On January 25, 2016, Appellant's then privately-retained counsel, William M. Davis, Esq., purported to file a post-sentence motion at all five of the above docket numbers. The post-sentence motion was a one-sentence request to reconsider his sentence. Appellant's Mot. for Recons. of Sentence, 1/25/16, at 1 (Appellant, "by his attorney . . . , asks the [c]ourt to reconsider his sentence").[7] The post-sentence motion, however, only appears on the docket for 2007-2015, and not the other four docket numbers. The trial court denied the post-sentence motion by operation of law on May 24, 2016, at docket number 2007-2015.

_____

**Anders** Brief at 5. Indeed, the trial court's opinion does not state Appellant was convicted of terroristic threats.

[7] The post-sentence motion's remarkable brevity precludes any meaningful specificity and particularity, as set forth in Pa.R.Crim.P. 720(B).

On June 22, 2016, Appellant filed a *pro se* motion for new counsel and a notice of appeal for all five of the above-captioned docket numbers. This Court contacted the trial court regarding whether counsel had filed a post-sentence motion at the other four docket numbers. This Court was advised that the trial court had contacted Attorney Davis and informed him that he had to pay the filing fee for the other four cases; however, Attorney Davis never paid the fees, and therefore the trial court never docketed the remaining four motions.

On August 4, 2016, this Court issued a rule to show cause as to why the appeal at the other four docket numbers should not be quashed. Order, 8/4/16. On August 9, 2016, the trial court appointed Attorney Boyle as counsel for docket number 2007-2015. Notwithstanding counsel's appointment, Appellant, on August 12, 2016, filed a *pro se* response to this Court's rule to show cause, stating that his appeal was timely because it was filed within thirty days of the denial by operation of law.[8] On September 12, 2016, this Court responded in an order noting that Appellant's *pro se* motion for new counsel was outstanding for the remaining four docket numbers and instructing the court to rule on it immediately. Order, 9/12/16. On September

_____

[8] The response was docketed on August 19, 2016. ***See Commonwealth v. Whitehawk***, 146 A.3d 266, 268 n.3 (Pa. Super. 2016) (stating that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing).

20, 2016, the trial court appointed Attorney Boyle as counsel for the other four cases.

On October 13, 2016, this Court issued a rule to show cause directed to Attorney Boyle as to why Appellant's appeals at docket nos. 2008-2015, 2009-2015, 9814-2015, and 9836-2015, "should not be quashed as untimely filed on June 22, 2016 from the judgment of sentence imposed on January 19, 2016. **See** Pa.R.A.P. 105(b); Pa.R.A.P. 903(a). According to the Court of Common Pleas of Philadelphia County dockets, the post-sentence motion was only filed in CP-51-CR-0002007-2015." Order, 10/13/16. Attorney Boyle filed a response stating that the post-sentence motion was filed in all five cases and the appeal was timely. Appellant's Pet. in Support of Show Cause Order, 11/14/16. On December 14, 2016, this Court referred the issue to this panel. Order, 12/14/16.

## Appeals at Docket Nos. 2008-2015, 2009-2015, 9814-2015, and 9836-2015

We may address whether we have appellate jurisdiction to entertain an appeal *sua sponte*. **See Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997). By way of background:

> The Judicial Code provides that the Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, except such classes of appeals as are within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court. In the context of a criminal proceeding where, as here, the case has proceeded through the sentencing phase, the appeal lies from the entry of the final judgment of sentence. Pursuant to the Pennsylvania Rules of Criminal Procedure, the question of whether the judgment of sentence is

- 4 -

final and appealable depends upon whether a defendant files the now optional post-sentencing motions.

When post-sentencing motions are not filed, the judgment of sentence constitutes a final and appealable order for purposes of appellate review and any appeal therefrom must be filed within thirty (30) days of the imposition of sentence. If post-sentencing motions are timely filed, however, the judgment of sentence does not become final for purposes of appeal until the trial court disposes of the motion, or the motion is denied by operation of law.

*Id.* (citations omitted).

Here, Attorney Davis, Appellant's privately-retained plea counsel, failed to pay the filing fee to file post-sentence motions for four out of the five docket numbers. Thus, the thirty-day time period for filing an appeal expired on February 18, 2016. ***See Borrero***, 692 A.2d at 159. Because Appellant did not file a timely notice of appeal for docket numbers 2008-2015, 2009-2015, 9814-2015, and 9836-2015, we quash those appeals.

### Appeal at Docket No. 2007-2015

As noted above, Appellant timely appealed at docket number 2007-2015 from a properly filed post-sentence motion. The court ordered Appellant to comply with Pa.R.A.P. 1925(b), but Appellant did not comply. The trial court opined that the appeal should be dismissed because Appellant failed to comply. Trial Ct. Op., 6/21/17, at 3-4. The Commonwealth states that the appeal is properly before this Court because under Pa.R.A.P. 1925(c)(4):

a counsel withdrawing under ***Anders*** is only required to inform the lower court that he or she intends to withdraw rather than raise specific issues for review. While it would have been preferable for counsel to have given the trial court notice of her

intent to withdraw, her ***Anders*** brief would appear to be properly before this Court.

Commonwealth's Brief at 2 n.1.

By way of background, Rule 1925(c)(4) states:

(4) In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an ***Anders***/***McClendon*** brief in lieu of filing a Statement. If, upon review of the ***Anders***/***McClendon*** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both. Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4). The comment explains that even criminal counsel intending to file a petition to withdraw must nonetheless comply with Rule 1925:

This paragraph clarifies the special expectations and duties of a criminal lawyer. Even lawyers seeking to withdraw pursuant to the procedures set forth in ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981) are obligated to comply with all rules, including the filing of a Statement. ***See Commonwealth v. Myers***, 897 A.2d 493, 494-96 (Pa. Super. 2006); ***Commonwealth v. Ladamus***, 896 A.2d 592, 594 (Pa. Super. 2006). However, because a lawyer will not file an ***Anders***/***McClendon*** brief without concluding that there are no non-frivolous issues to raise on appeal, this amendment allows a lawyer to file, in lieu of a Statement, a representation that no errors have been raised because the lawyer is (or intends to be) seeking to withdraw under ***Anders***/***McClendon***. At that point, the appellate court will reverse or remand for a supplemental Statement and/or opinion if it finds potentially non-frivolous issues during its constitutionally required review of the record.

Pa.R.A.P. 1925(c)(4) cmt.[9] The subsection ensures that counsel, who disregarded the court's order to file a Rule 1925 statement (whether willfully or through inadvertence), does not disguise the error by filing an *Anders* brief and petition to withdraw for the first time on appeal. *See generally Myers*, 897 A.2d at 495.

Moreover, the record does not establish that counsel served Appellant with a copy of the petition to withdraw and *Anders* brief at his address at SCI-Rockview. "When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010). An *Anders* brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009):

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

---

[9] In *Myers*, this Court explained that the mandatory nature of the rule prevents criminal counsel from neglecting "their duty to their client to review the record conscientiously **during the pre-argument stage** of appeal." *Myers*, 897 A.2d at 495.

*Id.* at 361.

Counsel seeking to withdraw on direct appeal must meet the following obligations:

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citations omitted).

Instantly, attached to the petition to withdraw filed with this Court is an unsigned and undated certificate of service addressed to Rashann James at SCI-Forest. Counsel's Pet. to Withdraw, 10/17/17, at 4. The *Anders* brief, similarly, contains an unsigned and undated proof of service addressed to Terrell Albright at SCI-Mahanoy. *Anders* Brief at 19. Furthermore, the signature block on the proof of service was not for Attorney Boyle at her office address, but for John Belli, Esq., at his office address. *Id.* There is no

indication from the record that counsel served the petition to withdraw and *Anders* brief on Appellant, let alone that he was aware of them. We cannot discern whether counsel has complied with the requirements for filing an *Anders* brief and petition to withdraw. *See Orellana*, 86 A.3d at 880.

In sum, given the numerous deficiencies, we remand to have Attorney Boyle comply with Pa.R.A.P. 1925, including Rule 1925(c)(4), within thirty days. The trial court must file a responsive opinion, if necessary, or advise this Court that it does not intend to file an opinion within thirty days of Attorney Boyle's compliance. Our Prothonotary is then instructed to establish a new briefing schedule.

Appeals from docket numbers 2008-2015, 2009-2015, 9814-2015, and 9836-2015 quashed. For the appeal from docket number 2007-2015, petition to withdraw denied, *Anders* brief stricken, and case remanded with instructions. Panel jurisdiction retained as to the appeal from docket number 2007-2015 only.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/18

- 9 -