J-S05039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMAL AMID BAILEY | : | |
| | : | |
| Appellant | : | No. 829 EDA 2024 |

Appeal from the Judgment of Sentence Entered September 21, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0004351-2017

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 18, 2025**

Appellant, Jamal Amid Bailey, appeals from the judgment of sentence entered in the Court of Common Pleas of Chester County on September 21, 2022. We deny counsel's application to withdraw and remand.

The relevant facts and procedural history are as follows: Between February 6, 2017, and April 26, 2017, Appellant administered doses of Quetiapine, an adult psychoactive medication, to his ten-month old daughter. He placed the drug in her milk bottles each evening, resulting in her death. N.T., 8/30/21, at 2. On August 30, 2021, Appellant pled guilty to: Murder of the Third Degree;[1] Aggravated Assault—Victim Less Than 6 and Defendant 18

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2502(c).

or Older;[2] and Endangering the Welfare of Children.[3] On September 21, 2022, Appellant was sentenced to incarceration of seventeen to forty years, followed by ten years of probation to run consecutively.

On September 30, 2022, Appellant filed a timely post-sentence motion to "Withdraw Guilty Plea and for Appointment of Conflict Counsel." On November 16, 2022, counsel for Appellant was granted leave to withdraw and the court administrator was directed to appoint substitute conflict counsel. It was not until July 20, 2023, that the Court Administrator appointed new counsel. However, Pennsylvania Rule of Criminal Procedure 720(B)(3)(a) states that the trial court "shall decide [a] post-sentence motion, including any supplemental [post-sentence] motion, within 120 days of the filing of the motion." Pa.R.Crim.P. 720(B)(3)(a).

If the trial court "fails to decide the motion within 120 days, or to grant an extension as provided in [Rule 720](B)(3)(b), the motion shall be deemed denied by operation of law." *Id.* Here, although the trial court entered an order appointing conflict counsel within 120 days of Appellant's post-sentence motion, the trial court did not dispose of Appellant's motion to withdraw his guilty plea.

> When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the [trial] court, and, as provided in [Pennsylvania Rule of Criminal Procedure] 114, forthwith shall serve a copy of the order on the

---

[2] 18 Pa.C.S.A. § 2702(a)(8).
[3] 18 Pa.C.S.A. § 4304(a)(1).

attorney for the Commonwealth, the defendant's attorney, or the defendant if unrepresented, that the post-sentence motion is deemed denied.

Pa.R.Crim.P. 720(B)(3)(c). Once a post-sentence motion is denied by the trial court, or deemed denied by operation of law, a defendant has thirty days in which to file a timely notice of appeal. Pa.R.Crim.P. 720(A)(2)(a) and (b).

Here, Appellant filed his post-sentence motion on September 30, 2022. As such, the trial court had until January 28, 2023, to dispose of the post-sentence motion or the post-sentence motion would be deemed denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(c). Because the trial court did not dispose of Appellant's September 30, 2023 post-sentence motion by January 28, 2023, Appellant's post-sentence motion was deemed denied by operation of law on January 28, 2023, the same day. Ordinarily, Appellant's time for filing an appeal would expire on Monday, February 27, 2023, thirty days after the date his post-sentence motion was denied by operation of law. Pa.R.Crim.P. 720(A)(2)(b). A review of the record, however, reveals that the clerk of courts did not enter an order on behalf of the trial court that indicated Appellant's post-sentence motion was denied by operation of law. Additionally, the trial court proceeded to schedule a hearing on Appellant's post-sentence motion and grant nearly a dozen continuances between April 2023 and January 2024 for the hearing. It is well-established "that, where the clerk of courts does not enter an order indicating that the post-sentence motion is denied by operation of law and notify the defendant of same, a breakdown in

the court system has occurred and we will not find an appeal untimely under these circumstances." **Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003), citing **Commonwealth v. Braykovich**, 664 A.2d 133 (Pa. Super. 1995), appeal denied, 675 A.2d 1242 (Pa. 1996).

The hearing on Appellant's post-sentence motion to withdraw his guilty plea finally occurred on February 2, 2024. On February 12, 2024, the trial court entered the order which noted that Appellant's motion had already been deemed denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3). Tr. Ct. Order, 2/12/24, at 1. In the alternative, the trial court noted that "Defendant did not persuade this court that his guilty plea [on] August 30, 2021 was not knowing, intelligent, and voluntary." Tr. Ct. Order, 2/12/24, at 1 n. 2.

Due to the breakdown in the court system that prevented Appellant from receiving notice that his motion was denied by operation of law, the trial court's February 12, 2024, order also reinstated Appellant's right to direct appeal, *nunc pro tunc*, upon the Commonwealth's consent. On February 14, 2024, the Court Administrator appointed appellate counsel, Scott J. Werner, Esquire, who filed a timely Notice of Appeal on March 12, 2024. On March 13, 2024, the trial court entered an order directing Appellant to file and serve a Rule 1925(b) statement within twenty-one days. That order recited that "any issue not properly included in the Statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Tr. Ct. Order, 3/13/24, at 1.

On April 10, 2024, this Court entered an order stating that all appellate briefs be filed in this matter before May 20, 2024. Super. Ct. Order, 4/10/24, at 1. On April 3, 2024, this Court filed an order stating that Appellant had failed to timely file the docketing statement required by Pa.R.A.P. 3517, and that it must be filed by May 3, 2024. Counsel for Appellant complied with the latter order and filed the docketing statement on April 29, 2024. However, when no 1925(b) statement or appellate brief was filed as of July 15, 2024, this Court remanded the appeal to the trial court for thirty days directing the trial court to determine the status of Appellant's appellate counsel. Super. Ct. Order, 7/15/24. The trial court held a conference on July 24, 2024, and notified this Court that the appointed appellate counsel had not abandoned Appellant, counsel would continue to represent Appellant, and that the Appellant was satisfied with counsel's representation. Tr. Ct. Notification, 8/22/24.

In light of the trial court's determination, on October 1, 2024, this Court issued a briefing schedule, ordering Appellant to file his brief on or before November 12, 2024. Super. Ct. Order, 10/1/24, at 1. Appellant's counsel complied and filed an **Anders** brief on November 12, 2024 pursuant to **Anders v. California**, 386 U.S. 738 (1967). This appeal followed.

We observe that to date, counsel never filed a 1925(b) statement as ordered by the trial court on March 13, 2025, nor did counsel file a 1925(c)(4) statement of intent to withdraw in lieu of a concise statement. The trial court

filed an opinion, but it discussed no issues of merit that Appellant would have wanted to raise because there was no statement of errors complained of on appeal. The trial court's opinion simply requests that this Court affirm its order because of Appellant's failure to file a statement. Tr. Ct. Op. at 2. Appellant's counsel notes in his **Anders** brief that he did not file a 1925(c)(4) statement "as a result" of this Court's October 1, 2024, briefing schedule which directed counsel to file a brief. Appellant's Br. at 9. We note that while our October 1, 2024, scheduling order directing counsel to file a brief did not direct counsel to file a statement pursuant to 1925(b), it required that all documents necessary to the issues raised on appeal be included or else they may be waived. Super. Ct. Order, 10/1/24, at 1. Additionally, statements pursuant to 1925(b) must be filed in the trial court, not with this Court.

Prior to addressing this appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in *Santiago* stated that an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d at 349, 361 (Pa. 2009). Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted).

Herein, counsel filed a petition to withdraw as counsel and an *Anders* brief. After review of the *Anders* brief, we find that counsel sufficiently complied with the procedural requirements of *Anders* as articulated by *Santiago*.[4] However, counsel's failure to file a statement pursuant to 1925(b) or (c) prevents us from granting his motion to withdraw.

_____

[4] The brief contains a factual and procedural summary, a conclusion that the appeal is frivolous, and counsel's reasoning for it. Appellant's Br. at 12. *(Footnote Continued Next Page)*

"If counsel intends to seek to withdraw in a criminal case pursuant to *Anders/Santiago* . . . counsel *shall* file of record and serve on the judge a statement of intent to withdraw in lieu of filing a [1925(b)] Statement." Pa. R.A.P. 1925(c)(4) (emphasis added). We stated in *Commonwealth v. Myers*, 897 A.2d 493 (Pa. Super. 2006), that we "forbid the use of *Anders* as a vehicle to circumvent the Rules of Appellate Procedure." *Id.* at 496.

At the time the trial court directed counsel to file a concise statement he could have either (1) complied with the order and filed a Rule 1925(b) statement or (2) filed a statement of intent to file an *Anders* brief. *See Commonwealth v. McBride*, 957 A.2d 752, 757 (Pa. Super. 2008); Pa.R.A.P. 1925(c)(4). Appellant's counsel did neither. "[A]bsent the proper filing of any statement of record by counsel, this Court cannot properly consider counsel's request to withdraw." *McBride*, 957 A.2d at 758. *See also* Pa.R.A.P. 1925(c)(4) Note ("[*Anders/Santiago*] procedures do not relieve counsel of the obligation to comply with all other rules.").

In *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*), counsel for the appellant filed a 1925(b) statement which said "[t]here are no non-frivolous matters that can be raised on appeal." Although

---

Attached to the application to withdraw was a copy of a letter advising Appellant of his rights pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005). *See* Application to Withdraw, Exhibit B. The *Millisock* letter and certificates of service attached to the application to withdraw indicate Appellant was served a copy of the documents. *See* Letter, 11/11/24.

the statement was not fashioned as a proper notice of intent to withdraw pursuant to Pa.R.A.P. 1925(c)(4), we accepted that statement as "a representation that no errors have been raised because the lawyer is seeking to withdraw under **Anders/McClendon**." **Id.** at 293.

In **Commonwealth v. Carter**, 292 A.3d 1099, (Pa. Super. 2023),[5] the trial court ordered the appellant to file a Rule 1925(b) statement. In response, counsel for the appellant filed an **Anders** brief with the trial court. **Id.** at *7. We noted that counsel should have filed a statement of intent to file an **Anders** brief rather than filing an **Anders** brief with the trial court, which is not required on appeal. **Id.** at *7 n.14. However, we accepted that filing as a proper statement because the attorney's filing of an **Anders** brief with the trial court conveyed the same intent. **Id.**

Here, the trial court entered an order on March 13, 2024 directing Appellant to file and serve a Rule 1925(b) statement within twenty-one days. Counsel took no action until April 29, 2024, after this Court notified counsel that he had failed to timely file a docketing statement. Thereafter, counsel missed the Superior Court's May 3, 2024, deadline to file a brief. Counsel again took no action until July 24, 2024, when the trial court held an abandonment conference which was ordered by the Superior Court on

---

[5] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. We find guidance in the unpublished memorandum cited **supra** and find it to be persuasive in this matter.

remand. Counsel then filed his *Anders* brief with this Court on November 12, 2024. No statement of intent to withdraw—or anything that can be construed as such—was filed in the trial court.[6]

For the foregoing reasons, we remand for the filing of either a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), or a statement of intent to file an *Anders/McClendon* brief pursuant to Rule 1925(c)(4). Regardless of which course of action counsel chooses, an election must be made and a either a concise statement must be filed with the trial court within fifteen (15) days of the date of this memorandum, or a statement of intent to file an *Anders/McClendon* brief in lieu of filing a concise statement, must be filed with the trial court within fifteen (15) days of the date of this memorandum. If counsel files a concise statement of errors

---

[6] Further, the trial court was unable to address the issue Appellant sought to raise, namely, that his plea was not intelligent, knowing, and voluntary.

> The absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review. Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. Rule 1925 is thus a crucial component of appellate process.

*Commonwealth v. Butler*, 812 A.2d 631, 636 (Pa. 2002). The trial court's opinion quotes a footnote from its order following the hearing on Appellant's post-sentence motion which merely stated that Appellant failed to establish that his plea was not intelligent, knowing, and voluntary. *See* Tr. Ct. Op., 4/9/24, at 2 (citing Tr. Ct. Order, 2/12/24, at 1 n.2). However, the certified record does not include the transcript to that hearing which occurred on February 2, 2024.

complained of on appeal, the trial court shall, within thirty (30) days of receipt, file a Rule 1925(a) opinion. If counsel files a statement of intent to file an **Anders/McClendon** brief pursuant to Rule 1925(c)(4), a trial court opinion is not necessary, and the complete trial court record shall be certified and transmitted back to this Court.

Remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.