J-S70037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: B.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.C., IV | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 712 MDA 2017 |

Appeal from the Decree March 24, 2017
In the Court of Common Pleas of Luzerne County
Orphans' Court at No(s): A-8497

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED DECEMBER 28, 2017**

A.C., IV, ("Father") appeals from the March 24, 2017 decree in the Court of Common Pleas of Luzerne County involuntarily terminating his parental rights to his daughter, B.C., born in January of 2006.[1] Father's counsel has filed a petition for leave to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Upon review, we deny counsel's petition and remand this case for a proper concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) and a compliant **Anders** brief or an advocate brief.

We summarize the relevant factual and procedural history as follows. B.C. was removed from Mother on March 27, 2015, when she was nine years

---

[1] By decree dated March 13, 2017, the court involuntarily terminated the parental rights of M.S. ("Mother"). Mother did not file a notice of appeal, and she is not a party to this appeal.

old, and placed in the custody of Luzerne County Children and Youth Services ("CYS"). Trial Court Opinion, 5/24/17, at 3. B.C. resides in kinship care with her step-grandparents. *Id.* At the time of B.C.'s placement, Father was incarcerated. *Id.* (citation to record omitted).

On November 3, 2016, CYS filed a petition for the involuntary termination of Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b). An involuntary termination hearing occurred on March 3, 2017, during which CYS amended the petition against Father to proceed under 23 Pa.C.S. § 2511(a)(1) and (b) only. CYS presented the testimony of its caseworker, Lynn Lesh. Father, who was represented by court-appointed counsel, testified on his own behalf.

By decree dated March 13, 2017, the orphans' court involuntarily terminated Father's parental rights.[2] On April 20, 2017, the court appointed

---

[2] We observe that the docket entries in the Court of Common Pleas of Luzerne County do not comply with the rules regarding entry of orders. *See* Pa.R.A.P. 301(a)(1); Pa.R.A.P. 108(b); Pa.R.C.P. 236(b). We caution the Luzerne County Court of Common Pleas to comply with the relevant rules for entry of orders so that appeal periods are triggered. *See Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) (citations omitted) ("Thus, pursuant to the express terms of the rules, an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given").

Because the subject decree was not entered on the trial court docket, the appeal period in this case was never formally triggered. It would be, at this juncture, a waste of judicial resources to remand the matter solely for the filing of Rule 236(b) notice. Accordingly, in the interest of judicial economy, we regard as done what should have been done and address counsel's request to withdraw.

new counsel, Keith Hunter, Esquire, to represent Father. On April 24, 2017, Father, through counsel, filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The orphans' court filed its Rule 1925(a) opinion on May 24, 2017. On August 29, 2017, counsel filed a petition for leave to withdraw as counsel and an **Anders** brief.[3]

We may not address the merits of the appeal without first reviewing the request to withdraw. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)). Therefore, we review Attorney Hunter's petition at the outset.

In **In re V.E.**, 611 A.2d 1267 (Pa. Super. 1992), this Court extended the **Anders** principles to appeals involving the termination of parental rights. We stated that counsel appointed to represent an indigent parent on appeal from a decree involuntarily terminating parental rights may, after a conscientious and thorough review of the record, petition this Court for leave to withdraw from representation and submit an **Anders** brief. **Id.** at 1275.

_____

[3] Attorney Hunter raises the following issues in his **Anders** brief:

> 1. Whether, upon a careful and conscientious review of the record, counsel believes that the current appeal is wholly without merit[?]
>
> 2. Whether the Court should appoint new counsel to pursue the appeal[?]

**Anders** brief at 4.

- 3 -

In **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), our Supreme Court altered our application of the **Anders** briefing requirements to require counsel to fully articulate the legal basis for his conclusion that the appeal is frivolous.

In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has determined that the appeal is frivolous; 2) furnish a copy of the **Anders** brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise, *pro se*, additional arguments that the appellant deems worthy of the court's attention. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted).

Attorney Hunter's petition to withdraw states that he "filed the appeal with two days until the expiration of the appeal deadline, and did not have sufficient time to review the record for grounds on appeal."[4] Petition, 8/29/17, at ¶ 2. As such, Attorney Hunter did not file a statement of intent to file an **Anders** brief in lieu of filing a concise statement.[5] As we have observed, he

_____

[4] As stated above, because the decree was not entered on the trial court docket, the appeal period was never triggered. **See Frazier v. City of Philadelphia**, **supra**. Therefore, to the extent Attorney Hunter believed he had two days to file the appeal before the appeal period expired, he was mistaken.

[5] This Court has explained as follows.

- 4 -

timely filed a concise statement pursuant to Rule 1925(a)(2)(i) and (b), wherein he asserted four errors. In his first and second assertions, Attorney Hunter alleged that the court erred and/or abused its discretion in accepting Father's **voluntary** relinquishment of his parental rights. The court stated in its Rule 1925(a) opinion, "Father never voluntarily relinquished his parental rights." Trial Court Opinion, 5/24/17, at 2. Indeed, it was Mother, not Father, who relinquished her parental rights. Although Attorney Hunter subsequently states in his petition to withdraw that he "fully and conscientiously reviewed the record" and "believes that the appeal is wholly without merit," he did not request to amend the concise statement to correct these incorrect assertions of error. Petition, 8/29/17, at ¶ 3. Based on these faulty assertions, we discern no support for counsel's request to withdraw.

Further, the court involuntarily terminated Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1) and (b). In his **Anders** brief, Attorney Hunter contends that any issue involving Section 2511(a)(1) is "wholly

---

> [Pa.R.A.P.] 1925(c)(4) creates an exception to the general rule of waiver in criminal cases when counsel files a brief pursuant to **Anders**. In such an instance[,] a concise statement of errors complained of is not required. Rather, counsel 'may file of record and serve on the judge a statement of intent to file' an **Anders** brief 'in lieu of filing a Statement.'

**In re J.T.**, 983 A.2d 771, 773-774 (Pa. Super. 2009). We held that this procedure is applicable in parental termination cases. **Id.** at 774.

without merit." However, in his remaining assertions in the concise statement, Attorney Hunter did not preserve a challenge to Section 2511(a)(1).[6] It is well-established that any issue not raised in a concise statement is waived on appeal. **See Dietrich v. Dietrich**, 923 A.2d 461, 463 (Pa. Super. 2007); **see also Commonwealth v. Flores**, 909 A.2d 387, 389 (Pa. Super. 2006) (stating, "when an appellant fails to file a proper 1925(b) statement, there will be waiver even if the trial court writes an opinion.") Moreover, in the **Anders** context, this Court has explained, "**Anders** seeks to ensure that an attorney, while seeking to withdraw, will nonetheless preserve the arguable issues that the client might want to pursue *pro se* or by new counsel. . . . As part of this obligation to preserve issues, **Anders** counsel must file a proper 1925(b) statement." **Commonwealth v. Flores**, 909 A.2d at 390. Accordingly, we remand this case for the filing of a Rule 1925(b) statement that properly preserves all issues to be raised before this Court. **See id.** at 392 (holding that, where counsel preserved none of the issues

---

[6] The concise statement provides, in relevant part, as follows.

> 3. The [orphans'] [c]ourt abused its discretion, committed an error of law, and/or there was insufficient evidentiary support for the [c]ourt's decision that the best interests of the minor child would be served by terminating [Father's] parental rights.
>
> 4. [CYS] acted improperly in seeking to terminate [Father's] parental rights.

Trial Court Opinion, 5/24/17, at 2.

argued in the **Anders** brief, "we will afford [the] [a]ppellant his appellate rights by remanding this case for the filing of a Rule 1925(b) statement which properly preserves all issues to be raised before this Court").

We deny counsel's petition for leave to withdraw and remand this case. On remand, the orphans' court shall have seven days to either appoint new counsel or direct current counsel to continue on this case. At the same time, the court shall issue an order directing Father's counsel to file a proper Rule 1925(b) statement within fourteen days. The orphans' court shall promptly file its opinion in response to the new Rule 1925(b) statement. The Prothonotary of this Court will subsequently establish a new briefing schedule for the parties, and Father's counsel shall file either a compliant **Anders** brief or an advocate brief.

Petition denied. Case remanded with instructions. Panel jurisdiction retained.