J-S31027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAMIRE WARREN | : | |
| | : | |
| Appellant | : | No. 1555 EDA 2021 |

Appeal from the PCRA Order Entered June 23, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004926-2017

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.*

MEMORANDUM BY NICHOLS, J.: **FILED NOVEMBER 8, 2022**

Appellant Damire Warren appeals from the order dismissing his timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant raises claims of ineffective assistance of trial counsel and appellate counsel, challenges the weight of the evidence, and argues that the PCRA court erred by denying his petition without a hearing. We affirm.

A previous panel of this Court summarized the factual and procedural history of this matter as follows:

> On May 16, 2017, at approximately 8:00 p.m., Michael Hawkins (the victim) walked across the street from his home at 1916 South Beachwood Street to visit his neighbor, Frank Nino. The pair had only recently begun drinking cans of beer on the front steps of Nino's residence when Damire Warren (Appellant) approached them "mumbling stuff." The Appellant and [the victim] briefly

---

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

exchanged words before the Appellant then walked towards a nearby pile of debris and picked up a wooden board (approximately four feet in length, two feet in width, and two inches thick). [The victim] and Nino had resumed talking with each another when the Appellant reapproached [the victim] from his left side and hit him in the face with the board. The blow was so forceful that it caused the board to break into two pieces.

[The victim] immediately stood up from the steps and chased after the Appellant, who had retreated behind a nearby van. As [the victim] walked around the back of the van, the Appellant threw the remaining piece of the board at him, again striking him in the head. The impact of the blow caused [the victim] to slip and fall to the ground, whereby the Appellant immediately stomped on the victim's head once with his foot. Nino testified that he witnessed the Appellant hit the victim in the head with the board the first time, and then witnessed the victim chase after the Appellant behind the van, but he was unable to view what occurred once the two were out of his line of sight. He further testified that [the victim] did not physically engage the Appellant prior to being hit. After the incident, he saw the Appellant retreat down the street.

Shortly thereafter, Nino's son drove [the victim] to the Veterans Administration [(VA)] Hospital for treatment. Detective Duffy took a statement from [the victim] and several photographs of his injuries. [The victim] initially received forty-seven facial stitches the night of the incident. He later had several surgeries (beginning a week later) inserting five facial plates, and some of his teeth were reattached. Moreover, his jaw was wired shut for approximately eight weeks, requiring him to consume food through a straw. Furthermore, the victim testified that he still had lingering numbness on the left side of his face at the time of trial, nine months after the incident.

At the conclusion of Appellant's February 16, 2018 bench trial, the [trial] court found Appellant guilty of aggravated assault [(graded as a felony of the first degree)], [possessing instruments of crime (PIC),] and [recklessly endangering another person (REAP)]. The court determined Appellant was not guilty of additional charges of terroristic threats and simple assault. The court ordered a presentence investigation and scheduled sentencing for April 17, 2018, aware that Appellant had a prior record score of five.

On April 17, 2018, the trial court sentenced Appellant to a term of five and a half to eleven years in prison for aggravated assault,

followed by two years' probation for PIC.  The court did not impose any additional sentence for REAP, . . .

***Commonwealth v. Warren***, 1446 EDA 2018, 2020 WL 974921, at \*1-2 (Pa. Super. filed Feb. 28, 2020) (unpublished mem.) (citations omitted and formatting altered).

Jay Samuel Gottlieb, Esq. (trial counsel) represented Appellant at trial. Appellant did not file any post-sentence motions, but he filed a timely notice of appeal.  Although Bobby Hoof, Esq. initially represented Appellant on direct appeal, the trial court subsequently granted Attorney Hoof's motion to withdraw and appointed Lawrence Bozzelli, Esq. on Appellant's behalf.[2]

On direct appeal, Appellant challenged, among other things, the weight and sufficiency of the evidence and the grading of his aggravated assault conviction.  ***Id.*** at \*2.  This Court determined that Appellant had waived his weight-of-the-evidence claim because he did not raise it prior to sentencing or in a post-sentence motion.  ***Id.*** at \*3.  This Court also concluded that the evidence was sufficient to sustain Appellant's conviction for aggravated assault and that aggravated assault was properly graded as a felony of the first degree because the evidence established that "Appellant caused serious bodily injury to his victim[.]" ***Id.*** at \*3, \*5.

Further, this Court noted:

Appellant contends the victim claimed injuries but failed to produce medical records to prove the injuries.  As counsel for both

---

[2] We refer to Attorney Hoof and Attorney Bozzelli collectively as "appellate counsel."

- 3 -

parties indicated at trial, their attempts to procure records from the Veterans Administration Hospital by subpoena and court order were unsuccessful. Regardless, the Commonwealth admitted a photograph of the victim taken by the investigating detective on the night of the assault. That photograph shows significant bruising and swelling on the left side of the victim's face. In addition, although medical records were not available, the victim credibly testified as to his injuries and the treatments he endured as a result of the assault.

*Id.* at *5 n.3 (citation omitted).

This Court affirmed Appellant's judgment of sentence on February 28, 2020. Appellant did not file a petition for allowance of appeal with our Supreme Court.

On October 30, 2020, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed PCRA counsel, who filed an amended petition and supporting memorandum of law on Appellant's behalf. Therein, Appellant argued that trial counsel was ineffective for failing to conduct an adequate pre-trial investigation, failing to object to an incorrect sentencing guidelines calculation, and failing to file a post-sentence motion. Am. PCRA Pet., 3/23/21, at 2 (unpaginated). Appellant also claimed that appellate counsel was ineffective for failing to seek reinstatement of Appellant's post-sentence rights *nunc pro tunc* and for failing to raise appropriate claims on appeal. *Id.* Lastly, Appellant asserted that his constitutional rights were violated by the introduction of hearsay evidence at trial, a conviction that was against the weight of the evidence, and the use of incorrect sentencing guidelines calculation at sentencing. *Id.*

- 4 -

On May 21, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing. Appellant did not file a response. The PCRA court dismissed Appellant's PCRA petition on June 23, 2021.

Appellant filed a timely notice of appeal. Although the PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant filed a Rule 1925(b) statement on July 26, 2022. The PCRA court issued an opinion addressing Appellant's claims.

Appellant raises the following issues for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that trial counsel was ineffective for failing to properly investigate and present available defense evidence and witnesses; failing to object to the application of the incorrect offense gravity and prior record scores at sentencing; and failing to file post-sentence motions to preserve appropriate issues for appeal.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that appellate counsels were ineffective for failing to seek to reinstate post-sentence motions *nunc pro tunc*, and failing to raise appropriate claims on appeal.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of appellant's constitutional rights under the United States and Pennsylvania Constitutions, including introduction of hearsay evidence, the application of the incorrect offense gravity and prior record scores at sentencing, and a guilty verdict that was against the weight of the evidence.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief at 8.

**Trial Counsel's Ineffectiveness**

In his first issue, Appellant raises three claims concerning trial counsel's ineffectiveness. Specifically, Appellant argues that trial counsel failed to (1) conduct an adequate pre-trial investigation; (2) object to an incorrect sentencing guidelines calculation; and (3) file a post-sentence motion. Appellant's Brief at 14-18. We will address each of these claims separately.

<u>Pre-Trial Investigation</u>

Appellant claims that trial counsel was ineffective for failing to conduct an adequate pre-trial investigation. *Id.* at 14, 16-17. Specifically, Appellant argues that trial counsel failed to "obtain and present the comprehensive medical records from [the victim's] treatment at the VA hospital[,]" and failed to "present testimony from any of the medical professionals involved in [the victim's] medical treatment." *Id.* at 14. Appellant contends that if trial counsel presented the victim's medical records and called the treating medical professionals as witnesses, it would have established that the victim did not sustain a serious bodily injury. *Id.* at 14, 16. Appellant argues that he was prejudiced because the trial court inferred that the victim suffered serious bodily injury and convicted Appellant of aggravated assault, graded as a felony of the first degree.[3] *Id.* at 16-17.

_____

[3] Appellant also argues that his trial counsel failed to object to hearsay testimony during trial. *See* Appellant's Brief at 14. However, Appellant did
*(Footnote Continued Next Page)*

In reviewing the denial of a PCRA petition, our standard of review

is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.[4]

We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.

The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen,

---

not include this claim of trial counsel ineffectiveness in either his Rule 1925(b) statement or in the statement of questions involved in his appellate brief. Therefore, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (stating that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"), 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby").

[4] Pennsylvania's three-part standard for assessing claims of ineffective assistance of counsel, adopted in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987), is "materially identical" to the two-part test set forth in ***Strickland v. Washington***, 466 U.S. 668 (1984). ***See Commonwealth v. Washington***, 927 A.2d 586, 594 n.8 (Pa. 2007) (citation omitted).

offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered). It is well settled that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." *Washington*, 927 A.2d at 608 (citation omitted). Additionally, counsel cannot be deemed ineffective for failing to take an act that counsel actually performed. *See, e.g.*, *Commonwealth v. Gwynn*, 943 A.2d 940, 946 (Pa. 2008) (concluding that the defendant's "claim that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal is meritless since it was, in fact, raised").

It is well settled that "[c]ounsel has a duty to undertake **reasonable** investigations . . . ." *Commonwealth v. Tedford*, 960 A.2d 1, 39 (Pa. 2008) (citation omitted and emphasis in original). "In order to demonstrate counsel's ineffectiveness for failure to call a witness, a petitioner must prove that the witness existed, the witness was ready and willing to testify, and the

- 8 -

absence of the witness' testimony prejudiced petitioner and denied him a fair trial." **Commonwealth v. Stahley**, 201 A.3d 200, 211 (Pa. Super. 2018) (citations and quotation marks omitted).

Following our review of the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion. **See** PCRA Ct. Op. at 5-6. Specifically, we agree with the PCRA court that Appellant's claim is meritless because the record establishes that trial counsel attempted to obtain the victim's medical records from the VA multiple times and obtained a court order, but the VA refused to comply. **See id.** at 5 (citing N.T. Trial, 2/16/18, at 75); **see also Gwynn**, 943 A.2d at 946 (holding that a petitioner cannot establish counsel was ineffective for failing to perform an act that counsel actually performed). Further, we agree with the PCRA court that because the evidence was sufficient to demonstrate that the victim suffered a serious bodily injury, Appellant cannot establish he was prejudiced by trial counsel's failure to present testimony from the medical professionals who treated the victim. **See** PCRA Ct. Op. at 5-6 (concluding that the victim's testimony that he received forty-seven stitches and his jaw was wired shut for eight weeks established that victim suffered a serious bodily injury (citing, *inter alia*, **Commonwealth v. Nichols**, 692 A.2d 181, 184 (Pa. Super. 1997)); **see also Washington**, 927 A.2d at 608 (stating that "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim" (citation omitted)). Accordingly, Appellant is not entitled to relief on this issue.

Sentencing Guidelines

Appellant next argues that trial counsel was ineffective for failing to object to the trial court's calculation of the sentencing guideline range. Appellant's Brief at 14-17. Specifically, Appellant asserts that the trial court erred in calculating the offense gravity score (OGS) as twelve, rather than eleven, because there was no proof that the victim sustained serious bodily injury. *Id.* at 14-15. Appellant also claims that the trial court erred by considering some of Appellant's prior convictions that were more than ten years old and a first offense DUI conviction when making its PRS calculation. *Id.* at 15. Therefore, Appellant contends that the trial court incorrectly calculated his PRS as five instead of as two. *Id.* Appellant argues he was prejudiced by trial counsel's failure to object to these miscalculations because it "resulted in the imposition of a sentence of incarceration significantly greater" than the correctly calculated guideline range. *Id.* at 17.

This Court has explained that when presenting issues in an appellate brief,

> it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. Pa.R.A.P. 2119(a), (b), (c). . . .

> This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. Pa.R.A.P. 2101.

*Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (some citations omitted); *see also Commonwealth v. Cannavo*, 199 A.3d 1282, 1289 (Pa. Super. 2018) (stating that this Court "shall not develop an argument for an appellant, nor shall we scour the record to find evidence to support an argument; instead, we will deem the issue to be waived" (citations omitted and formatting altered)).

Here, we conclude that Appellant has failed to adequately develop this claim for appellate review. In support of his argument, Appellant presents only bald assertions that certain prior convictions should not have been included in the PRS calculation. Appellant has failed to support his claims with citations to relevant legal authorities. Therefore, we conclude that Appellant has waived his argument that trial counsel was ineffective for failing to object to the trial court's sentencing guidelines calculation and no relief is due. *See Cannavo*, 199 A.3d at 1289; *Kane*, 10 A.3d at 331.

<u>Post-Sentence Motion</u>

Appellant next argues that trial counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence. Appellant's Brief at 15-17. Appellant contends this claim has arguable merit because trial counsel failed to protect Appellant's constitutional right to appeal from his conviction. *Id.* at 15-16. Appellant claims that trial counsel did not have a reasonable basis for not filing a post-sentence motion. *Id.* at 16. Appellant argues that he was prejudiced because trial counsel failed to preserve claims

for appeal by filing a post-sentence motion, and this "resulted in a complete foreclosure of appellate review[.]" ***Id.*** at 17.

A claim that the verdict was against the weight of the evidence must be raised in the trial court orally or in writing before sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A). The "failure to file post-sentence motions does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief." ***See Commonwealth v. Liston***, 977 A.2d 1089, 1092 (Pa. 2009) (citation and footnote omitted). In order to obtain relief on a claim that counsel was ineffective for failing to file a post-sentence motion challenging the weight of the evidence, the petitioner "must demonstrate that the verdict was against the weight of the evidence . . . ." ***Commonwealth v. Smith***, 181 A.3d 1168, 1186 (Pa. Super. 2018) (citation omitted). When there is no merit to the underlying weight-of-the-evidence claim, a PCRA petitioner is not entitled to relief on a claim that trial counsel was ineffective for failing to file a post-sentence motion to preserve the claim for appeal. ***Id.*** at 1187.

Following our review of the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion. ***See*** PCRA Ct. Op. at 8-9. Specifically, we agree with the PCRA court, which also presided over Appellant's non-jury trial, that the underlying weight-of-the-evidence claim is meritless because of "the evidence supporting the Commonwealth's case was overwhelming when compared with the Appellant's unsubstantiated version of events." ***Id.*** at 9; ***see also Smith***,

181 A.3d at 1186. Because counsel cannot be deemed ineffective for failing to raise a meritless issue, Appellant is not entitled to relief on this claim. *See Washington*, 927 A.2d at 608. Therefore, no relief is due.

**Appellate Counsel's Ineffectiveness**

Appellant argues that appellate counsel[5] was ineffective *per se* because the "failure to properly perfect a direct appeal is the functional equivalent of having no representation at all." Appellant's Brief at 18. Specifically, Appellant contends that appellate counsel's brief was deficient because it included a waived challenge to the weight of the evidence. *Id.* at 18-19. Appellant claims that appellate counsel should have requested a remand to seek reinstatement of Appellant's post-sentence rights *nunc pro tunc* to preserve a challenge to the weight of the evidence. *Id.* Appellant concludes that appellate counsel was ineffective *per se* because appellate counsel "created a situation that failed to preserve all of [A]ppellant's issues on appeal[,]" and "resulted in a complete foreclosure of appellate review." *Id.* at 19.

Appellant alternatively argues that he has established all three elements of the *Strickland/Pierce* ineffectiveness standard with respect to appellate counsel. *Id.* at 19-20. Specifically, Appellant contends that this claim has arguable merit because "appellate counsel's failure to file an adequate brief on direct appeal," resulted in "a complete deprivation of the constitutional

_____

[5] As previously noted, "appellate counsel" refers to both Attorney Hoof and Attorney Bozzelli, who represented Appellant on direct appeal.

- 13 -

right to appeal." *Id.* at 19 (citation omitted). Appellant asserts that it was "*de facto* unreasonable" for appellate counsel to fail to follow the Rules of Appellate Procedure. *Id.* at 19-20. Appellant argues that he was prejudiced by appellate counsel's ineffectiveness because "it resulted in a complete foreclosure of appellate review." *Id.* at 20.

"To establish *Strickland*/*Pierce* prejudice in the appellate representation context, the petitioner must show that there is a reasonable probability that the outcome of the direct appeal proceeding would have been different but for counsel's deficient performance." *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

However, our Supreme Court has explained that "in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted." *Commonwealth v. Rosado*, 150 A.3d 425, 429-30 (Pa. 2016) (citing, *inter alia*, *United States v. Cronic*, 466 U.S. 648, 658-59 (1984)) (footnote omitted). The *Rosado* Court further clarified that "errors which **completely** foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se*, whereas those which only partially foreclose such review are subject to the ordinary *Strickland*/*Pierce* framework." *Id.* at 433 (emphasis in original); *see also Commonwealth v. Reed*, 971 A.2d 1216, 1226 (Pa. 2009) (stating that "*Cronic* is limited to situations where counsel's failure is complete, *i.e.*, where counsel has entirely

- 14 -

failed to function as the client's advocate" (citation and quotation marks omitted)).

In **Reed,** our Supreme Court held that

the filing of an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate so as to warrant a presumption of prejudice under **Cronic**. . . . [The defendant's] direct appeal counsel's conduct in the instant case did not deprive [the defendant] of his constitutional right to appeal. . . . Although the Superior Court . . . opined that counsel's failure to provide appropriate citation to authority and a copy of the notes of testimony resulted in waiver of [the defendant's] argument, the court did not quash [the defendant's] appeal. Indeed, the issues apparently were sufficiently presented to allow the court to address the merits of [the defendant's] arguments, as the court indicated that it reviewed the evidence and the record. At most, the Superior Court's review of [the defendant's] arguments on the record before it may be viewed as a "narrowing of the ambit" of [the defendant's] appeal. Moreover, to extend the **Cronic** exception to cases involving a defect in an appellate brief essentially would transform the exception into a rule, as many appellate briefs contain at least one arguable defect.

**Reed**, 971 A.2d at 1226-27 (citations omitted).

Subsequently, the **Rosado** Court concluded that

the filing of a brief that raises only waived issues, while technically distinct, is nonetheless akin to failing to file documents perfecting an appeal. There is no meaningful difference between an attorney who fails to file a notice of appeal, Rule 1925(b) statement, brief, or petition for allowance of appeal—thereby forfeiting his client's right to appeal—and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end. In both situations, counsel has forfeited all meaningful appellate review.

. . . Accordingly, we hold that **the filing of an appellate brief which abandons all preserved issues in favor of**

- 15 -

> **unpreserved ones constitutes ineffective assistance of counsel *per se*.**

*Rosado*, 150 A.3d at 434 (emphasis added). The *Rosado* Court distinguished *Reed*, stating that "the brief in *Reed* was not so underdeveloped as to completely foreclose appellate review, but, rather, presented a less robust version of [the defendant's] underlying evidentiary claim, which the Superior Court reviewed on its merits, precluding a finding that his attorney's errors caused a complete deprivation of merits review." *Id.* at 433-34 (footnote omitted).

Following our review of the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 11-12. Our review of the record confirms that a prior panel of this Court addressed the merits of five of the six issues that Appellant raised on direct appeal. *See Warren*, 2020 WL 974921, at *2-5. Therefore, we agree with the PCRA court that because appellate counsel's alleged error did not completely foreclose appellate review, appellate counsel was not ineffective *per se*. *See* PCRA Ct. Op. at 11-12; *Reed*, 971 A.2d at 1226-27; *cf. Rosado*, 150 A.3d at 433-34. We also agree with the PCRA court that Appellant cannot satisfy the *Strickland*/*Pierce* standard with respect to appellate counsel because the underlying weight-of-the-evidence claim is meritless. *See* PCRA Ct. Op. at 12; *see also Washington*, 927 A.2d at 608. Therefore, Appellant is not entitled to relief on this claim.

## Weight of the Evidence

In his third issue, Appellant challenges the weight of the evidence.[6] Appellant's Brief at 20-21.  Appellant contends that trial counsel's ineffective assistance excuses his failure to preserve this claim.  *Id.* at 20 (citing *Commonwealth v. Christy*, 656 A.2d 877 (Pa. 1995)).  Appellant asserts that the verdict shocks the conscience because the evidence presented at trial did not establish that the victim suffered serious bodily injury.  *Id.* at 20-21.

"To be entitled to PCRA relief, [the petitioner] must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), and that the allegation of error has not been previously litigated or waived." *Commonwealth v. Mitchell,* 105 A.3d 1257, 1265-66 (Pa. 2014) (citation omitted); *see also* 42 Pa.C.S. § 9543(a)(3) (stating that in order to be eligible for relief, the petitioner must plead and prove "the allegation of error has not been previously litigated or waived").  A claim is waived for the purposes of the PCRA when "the petitioner could have raised it but failed to do so before trial, at trial . . . [or] on appeal or in a prior state postconviction proceeding."

---

[6] In his statement of issues, Appellant also claims that the admission of hearsay evidence and the calculation of his sentencing guidelines violated his constitutional rights.  Appellant's Brief at 8.  In the argument portion of his brief, Appellant challenges only the weight of the evidence.  Accordingly, Appellant has waived any challenge to the admission of hearsay evidence and the calculation of his sentencing guidelines. *See Commonwealth v. Felder,* 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived" (citation omitted and formatting altered)).

42 Pa.C.S. § 9544(b). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." **Commonwealth v. Price**, 876 A.2d 988, 995 (Pa. Super. 2005) (citation omitted); **see also Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 780 (Pa. Super. 2015) (stating generally that "[a]t the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)" (citation omitted)).

A defendant cannot relitigate a claim on PCRA that was previously deemed waived on direct appeal except by couching it in terms of ineffective assistance of counsel. **See, e.g.**, **Commonwealth v. Jones**, 912 A.2d 268, 277 n.10 (Pa. 2006); **see also Commonwealth v. Collins**, 888 A.2d 564, 573 (Pa. 2005) (observing that "ineffectiveness claims are distinct from those claims that are raised on direct appeal").

Our review of the record confirms that a prior panel of this Court found that Appellant waived his weight-of-the-evidence claim on direct appeal. **See Warren**, 2020 WL 974921, at *3. Contrary to Appellant's assertion, he cannot raise a previously waived claim for PCRA review simply by asserting that trial counsel's ineffectiveness caused the prior waiver. Instead, a PCRA petitioner must plead a waived claim of trial court error in the context of a claim of ineffective assistance of counsel.[7] **See Jones**, 912 A.2d at 277 n.10.

---

[7] As stated above, we agree with the PCRA court's conclusion that Appellant has failed to prove that trial counsel was ineffective for failing to file a post-
*(Footnote Continued Next Page)*

Therefore, because Appellant previously waived his challenge to the weight of the evidence, he is ineligible for relief on this claim.[8]  *See* 42 Pa.C.S. § 9544(b); *Reyes-Rodriguez*, 111 A.3d at 780; *Price*, 876 A.2d at 995.

### Evidentiary Hearing

In his final claim, Appellant argues that the PCRA court abused its discretion by dismissing his PCRA petition without an evidentiary hearing. Appellant's Brief at 21-22.  Appellant claims that he "raised significant claims of trial counsel's ineffectiveness and violations of his constitutional rights[,]" with supporting facts.  *Id.* at 22.  Appellant contends that the PCRA court should have afforded Appellant "every conceivable legitimate benefit in the disposition" of his claims.  *Id.* (citing *Commonwealth v. Pulling*, 470 A.2d 170 (Pa. Super. 1983)).

It is well settled that

> [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.  To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor,

_____

sentence motion challenging the weight of the evidence.  *See* PCRA Ct. Op. at 8-9.

[8] Appellant also asserts that his constitutional right to due process was violated because the verdict was against the weight of the evidence. Appellant's Brief at 20-21 (citing 42 Pa.C.S. § 9543(a)(2)(i)).  Appellant failed to cite any legal authorities in support of this proposition.  Therefore, that constitutional claim is waived.  *See Cannavo*, 199 A.3d at 1289; *Kane*, 10 A.3d at 331.

would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted).

Based on our review of the record, the parties' briefs, and the well-reasoned conclusions of the PCRA court, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 16-17. Specifically, the PCRA court concluded that "[e]very single one of the Appellant's claims on PCRA review were dependent on facts already in the record. None of the Appellant's claims were dependent on any outside facts that could have been presented at an evidentiary hearing or had any effect on the disposition of his claims." *Id.* at 17. We agree with the PCRA court that Appellant failed to raise a genuine issue of fact, and we discern no abuse of discretion in the PCRA court's dismissal of his petition without a hearing.[9] *See Maddrey*, 205 A.3d at 328. Therefore, Appellant is not entitled to relief on this claim.

For these reasons, we conclude that the PCRA court's determinations are supported by the record and that there was no error of law by the PCRA court in dismissing Appellant's PCRA petition. *See Sandusky*, 203 A.3d at 1043. Accordingly, we affirm the PCRA court's order.

---

[9] Appellant's reliance on *Pulling* is misplaced. The *Pulling* Court observed that "in **borderline cases** petitioners are to be given every conceivable legitimate benefit in the disposition of their claims for an evidentiary hearing." *Pulling*, 470 A.2d at 173 (citation and quotation marks omitted, emphasis added). As stated above, there is no right to an evidentiary hearing on a PCRA petition and Appellant did not raise a genuine issue of fact that required a hearing to resolve.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2022

FILED

APR 1 2 2022

Appeals/Post Trial
Office of Judicial Records



**IN THE COURT OF COMMON PLEAS
FOR THE COUNTY OF PHILADELPHIA**

COMMONWEALTH OF PENNSYLVANIA   :    TRIAL DIVISION

              :

V.                     :    CP-51-CR-0004926-2017

              :

DAMIRE WARREN, APPELLANT     :    1555 EDA 2021

## OPINION

This Opinion addresses Appellant Damire Warren's Appeal of this Court's Order denying his Petition for Post-Conviction Relief. This Court finds that the issues raised in his Appeal lack merit for the reasons set forth in this Opinion.

## CASE HISTORY

On May 26, 2017, the Appellant was arrested and charged with Aggravated Assault (F1)[1], Simple Assault (M2)[2], Possession of an Instrument of Crime ("PIC") (M1)[3], Terroristic Threats (M1)[4], and Recklessly Endangering Another Person ("REAP") (M2).[5]

On February 16, 2018, a waiver trial was conducted, and the Court found the Appellant guilty of Aggravated Assault, PIC, and REAP. The Appellant did not file any pre-sentence motions. On April 17, 2018, the Court sentenced the Appellant to 5 ½ - 11 years incarceration on the Aggravated Assault offense followed by 2 years of probation on the PIC offense. No further penalty was assessed for the REAP offense..

On May 3, 2018, the Appellant filed a Notice of Appeal to the Superior Court. On February 28, 2020, the Pennsylvania Superior Court affirmed this Court's Judgment of Sentence. On October 30, 2020, the Appellant filed a Petition for Post-Conviction Relief pursuant to 42 Pa.C.S.A. § 9541 *et seq.* On March 23, 2021, the Appellant filed an Amended Petition. On April 26, 2021, the Commonwealth filed a Motion to Dismiss the Amended Petition. On June 23, 2021,

---

[1] 18 § 2702 §§ (A).
[2] 18 § 2701 §§ (A).
[3] 18 § 907 §§ (A).
[4] 18 § 2706 §§ (A)(1).
[5] 18 § 2705.

1

this Court dismissed the Appellant's Amended Petition. On July 20, 2021, the Appellant filed a Notice of Appeal from this Court's Order dismissing the Amended Petition. On July 26, 2021, the Appellant filed a Statement of Matters Complained of on Appeal raising the following issues:[6]

1. The PCRA court erred by dismissing appellant's petition for post-conviction relief. Appellant established by clear and convincing evidence that he was denied effective assistance of trial counsel as guaranteed by the Sixth Amendment of the United States Constitution and the analogous provisions of the Pennsylvania Constitution. Appellant was entitled to relief pursuant to Section 9543(a)(2)(ii) of the PCRA based on trial counsel's ineffectiveness. Trial counsel failed to provide effective assistance of counsel by failing to properly investigate and present available defense evidence and witnesses; failing to object to the application of the incorrect offense gravity and prior record scores at sentencing; and failing to file post-sentence motions to preserve appropriate issues for appeal.

2. Appellant was also entitled to relief pursuant to Section 9543(a)(2)(ii) of the PCRA based on appellate counsel's ineffectiveness. Appellant established by clear and convincing evidence that he was denied effective assistance of counsel on appeal as guaranteed by the Sixth Amendment of the United States Constitution and the analogous provisions of the Pennsylvania Constitution. Appellant counsel failed to provide effective assistance by failing to seek to reinstate post-sentence motions *nunc pro tunc*, and failing to raise appropriate claims on appeal.

3. Appellant was also entitled to relief pursuant to Section 9543(a)(2)(i) of the PCRA based on the violation of his constitutional rights. Appellant established by clear and convincing evidence that his rights were violated by the introduction of hearsay evidence, the application of the incorrect offense gravity and prior record scores at sentencing, and a guilty verdict that was against the weight of the evidence.

4. The PCRA court erred by dismissing appellant's petition for post-conviction relief without an evidentiary hearing. Appellant was entitled to an evidentiary hearing to prove the validity of his factual and legal claims. An evidentiary hearing was required before the court could decide the merits of appellant's claims. Appellant should have been given every conceivable legitimate benefit in the disposition of his claim for an evidentiary hearing.

## FACTS

On May 16, 2017, at approximately 8:00 p.m., Michael Hawkins (the Complainant) walked

across the street from his home at 1916 South Beachwood Street to visit his neighbor, Frank Nino.[7]

The pair had only recently begun drinking cans of beer on the front steps of Nino's residence when

---

[6] Copied *verbatim* from the Appellant's Statement of Matters Complained on Appeal pursuant to Pa.R.A.P. 1925(b).
[7] *Notes of Testimony*, February 16, 2018, p. 13.

Damire Warren (the Appellant) approached them "mumbling stuff."[8] The Appellant and Hawkins briefly exchanged words before the Appellant then walked towards a nearby pile of debris and picked up a wooden board (approximately four feet in length, two feet in width, and two inches thick).[9] Hawkins and Nino had resumed talking with each another when the Appellant reapproached Hawkins from his left side and hit him in the face with the board.[10] The blow was so forceful that it caused the board to break into two pieces.[11]

Hawkins immediately stood up from the steps and chased after the Appellant, who had retreated behind a nearby van.[12] As Hawkins walked around the back of the van, the Appellant threw the remaining piece of the board at him, again striking him in the head.[13] The impact of the blow caused Hawkins to slip and fall to the ground, whereby the Appellant immediately stomped on Hawkins' head once with his foot.[14] Nino testified that he witnessed the Appellant hit Hawkins in the head with the board the first time, and then witnessed Hawkins chase after the Appellant behind the van, but he was unable to view what occurred once the two were out of his line of sight.[15] He further testified that Hawkins did not physically engage the Appellant prior to being hit.[16] After the incident, he saw the Appellant retreat down the street.[17]

Shortly thereafter, Nino's son drove Hawkins to the Veterans Administration Hospital for treatment.[18] Detective Duffy took a statement from Hawkins and several photographs of his

---

[8] Id. at p. 15; Michael Hawkins and Frank Nino testified that they had only had one beer each and were not intoxicated at the time of the incident. See Notes of Testimony, February 16, 2018, p. 15, ln. 9-12; see also Id. at p. 55, ln. 6-9; see also Id. at p. 56, ln. 10-16.
[9] Id. at p. 16; Id. at p. 36, ln. 12-20.
[10] Id. at p. 15, ln. 21-25; Id. at p. 51-52.
[11] Id. at p. 36, ln. 4-8.
[12] Id. at p. 18.
[13] Id.
[14] Id. at 18-19.
[15] Id. at p. 51-53.
[16] Id. at p. 52.
[17] Id. at 54.
[18] Id. at p. 21, ln. 7-13.

injuries.[19] Hawkins initially received forty-seven facial stitches the night of the incident.[20] He later had several surgeries (beginning a week later) inserting five facial plates, and some of his teeth were reattached.[21] Moreover, his jaw was wired shut for approximately eight weeks, requiring him to consume food through a straw. Furthermore, Hawkins testified that he still had lingering numbness on the left side of his face at the time of the trial, nine months after the incident.[22]

## DISCUSSION

### I. TRIAL COUNSEL WAS NOT INEFFECTIVE.

The Appellant's first issue on appeal is that the Court erred when it dismissed his Petition for Post-Conviction Relief because trial counsel was ineffective for failing to properly investigate and present available defense evidence and witnesses, failing to object to the application of incorrect offense gravity and prior record scores at sentencing, and failing to file post-sentence motions to preserve appropriate issues for appeal. However, trial counsel was not ineffective, and these claims lack merit.

It is well-settled law in Pennsylvania that the Appellant has the "burden to prove allegations of ineffectiveness. Counsel is presumed effective." Commonwealth v. Baker, 617 A.2d 663, 673 (Pa. 1992). To prevail on an ineffectiveness claim, the Appellant must overcome the presumption of competence by showing that: (1) the underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different. Commonwealth v. Wharton,

---

[19] See Exhibit C-1: photographs of the Complainant's injuries taken at the hospital the night of the incident; see also Exhibit D-1: the Complainant's statement submitted to Detective Duffy the night of the incident.
[20] Id. at p. 21-25.
[21] Id.
[22] Id.

4

811 A.2d 978, 986 (Pa. 2002) (quoting <u>Strickland v. Washington</u>, 466 U.S. 688; 122 S. Ct. 1843 (1984)). The Appellant's failure to satisfy any one prong requires the court to reject his claim. <u>Id</u>.

### a. Trial counsel was not ineffective for failing to properly investigate and present available defense evidence and witnesses.

The Appellant claims in his Petition that trial counsel failed to subpoena or request a court order to produce the entire medical record from the Complainant's treatment at the Veterans Administration Hospital and failed to present testimony from any of the medical professionals involved in the Complainant's treatment. The Appellant claimed that these records and testimony would have "established the true extent" of the Complainant's injuries. The Appellant further argues that the "true extent" of the injuries was only sufficient to establish simple assault, rather than aggravated assault. This claim lacks merit.

First, the Appellant's claim that counsel was ineffective for failure to subpoena the Veterans Administration Hospital is baseless, as the record reflects that both trial counsel and the Commonwealth subpoenaed the hospital multiple times, including obtaining an order directly from the Court. N.T. 2/16/18, p. 75. However, the hospital refused to provide the Complainant's records.[23] Therefore, the Appellant's claim that counsel was ineffective for failing to subpoena records must fail. Trial counsel cannot be held to be ineffective for failing to do something that he did, in fact, do. <u>Commonwealth v. Spotz</u>, 896 A.2d 1191, 1224 (Pa. 2006) ("We will not deem counsel ineffective for failing to object to a statement when he in fact did object to that statement.").

Second, the Appellant's claim that counsel was ineffective for failing to present testimony from the medical professionals involved in the Complainant's treatment is meritless, since the Appellant has not and cannot demonstrate that he was prejudiced by the lack of testimony. At

---

[23] Id.

5

trial, the Complainant testified that he had two surgeries, 47 stitches, and that his jaw was wired shut for eight weeks. N.T. 2/16/18, p. 22-27. These injuries are more than sufficient to demonstrate that the Complainant had suffered a "serious bodily injury" justifying a conviction of Aggravated Assault. Commonwealth v. Nichols, 692 A.2d 181, 184 (Pa. Super. 1997) (finding of serious bodily injury where complainant suffered a broken jaw which was wired shut for six weeks). While the Appellant claims that testimony from the medical professionals would have contradicted the Complainant's testimony, he offers no basis or evidentiary support for his argument. Appellant's claim is, at best, speculative. Since the Appellant cannot establish that testimony from the treating physicians would have contradicted the Complainant's testimony, he cannot demonstrate that he was prejudiced by trial counsel's failure to present it, and his claim fails.

### b. Trial counsel was not ineffective for incorrectly determining the Appellant's Offense Gravity and Prior Record Scores.

The Appellant next claims that counsel was ineffective for failing to properly calculate his Offense Gravity and Prior Record Scores. This claim also lacks merit.

First, the Appellant's claim that counsel was ineffective for failing to object to the Offense Gravity Score (OGS) is meritless because the underlying claim that the Offense Gravity Score was incorrectly calculated is itself meritless. The Appellant's underlying claim that the OGS was incorrect is predicated on the Appellant's assertion that the Complainant did not suffer a "serious bodily injury." The Appellant contends that had trial counsel introduced medical records from the Complainant's treatment at the Veterans Administration Hospital and testimony from the treating physicians, the Court would not have found that the Complainant had suffered a "serious bodily injury," and therefore the proper OGS would have been a 10 or less. However, as discussed *supra*, the Appellant's underlying claim that medical records and/or testimony from the Complainant's treating physicians would have contradicted the Complainant's testimony and prevented a finding

6

of serious bodily injury is entirely speculative and unsupported by any proffer of evidence or affidavit. Therefore, the Appellant fails to demonstrate that his underlying claim that the OGS was incorrectly calculated has any merit and consequently fails to show that trial counsel was ineffective.

Second, the Appellant's claim that counsel was ineffective for failing to object to the incorrectly calculated Prior Record Score (PRS) fails for similar reasons. When calculating the PRS, the Adult Probation and Parole Department considered the Appellant's past convictions for DUI, Possession with Intent to Distribute, and Criminal Trespass.[24] Appellant claims that trial counsel failed to argue against the inclusion of the PWID in the PRS calculation on the basis that the conviction was more than ten (10) years prior to the sentencing date. However, the Appellant provided no legal authority nor any other basis in his Petition for why a felony conviction should not be considered in sentencing if it is older than 10 years. Moreover, the Court is unaware of any such rule requiring such convictions to be excluded. On the contrary, the Superior Court has ruled that "the [Sentencing] Code has no specified look back period and counts DUI's regardless of conviction date." Commonwealth v. Cook, 9414 A.2d 7, 12 (Pa. Super. 2007).

The Appellant also claims that the PRS was incorrectly calculated to consider a DUI that should not have been counted, as it was a first offense. However, the Appellant fails to recognize that he in fact has two separate convictions for DUI – the first was classified as a "1st Offense (Other Misdemeanor)" and was not counted towards his PRS.[25] The second DUI was classified as a "DUI Unclassified Misdemeanor" and properly counted as one (1) point towards the Appellant's PRS. Therefore, the Appellant fails to demonstrate that his underlying claim that the

---

[24] See Presentence Investigation Report for Docket No. CP-51-CR-0004926-2017.
[25] Id.

7

PRS were incorrectly calculated has any merit, and consequently fails to show that counsel was ineffective.

Moreover, even if the PRS was incorrectly calculated, the Appellant cannot demonstrate that he was prejudiced by its incorrect calculation. The Court sentenced the Appellant to 5½-11 years incarceration on the Aggravated Assault conviction. N.T. 4/17/2018, p. 17. Hypothetically, if the Appellant's correct Prior Record Score was indeed a two (2) as the Appellant claims, the minimum sentencing guideline range (with "deadly weapon used" enhancement) would have been 66-84 months ± 12 months.[26] Since the Court sentenced the Appellant to a minimum sentence of 66 months, it would still have been on the low end of the minimum sentencing guidelines even with a PRS of 2. Therefore, the Appellant cannot demonstrate that he was prejudiced by any incorrect calculation of his PRS, and his ineffectiveness claim fails.

### c. Trial Counsel was not ineffective for failing to file a post-sentence motion challenging the weight of the evidence.

Appellant next claims that trial counsel was ineffective for failing to file post-sentence motions to preserve his weight of the evidence claim for appeal. This claim also lacks merit, as the Appellant cannot demonstrate that a weight of the evidence claim would have had any merit, nor that counsel's failure to file post-sentence motions preserving the claim resulted in prejudice.

In the instant case, the evidence was that the Complainant and Frank Nino were sitting on the front steps of Nino's home when the Appellant approached and began interacting with the Complainant. N.T. 2/16/18, p. 15, 51. After exchanging words with the Complainant, the Appellant walked over to a pile of debris and picked up a wooden board. Id. He then struck the Complainant in the head with the board, who was still sitting on the steps adjacent Nino. Id.

---

[26] See the Pennsylvania Commission on Sentencing's 7th Edition Sentencing Guidelines, Amendment 3 (9/25/2015). See also 204 Pa. Code § 303.17(b).

The Appellant testified that the Complainant was the first aggressor as a result of the Complainant's unwillingness to loan him money. Id. He further professed that the Complainant grabbed a stick and began swinging it at him threateningly, which necessitated that he punch the Complainant "once or twice" in self-defense. Id. However, **the Appellant produced no witness or other evidence to corroborate his claim.** Instead, the Appellant elicited character evidence when cross-examining the Complainant about his previous guilty pleas for terroristic threats in 2003 and 2004. Id. at 43.[27]

In contrast, **Nino testified that he never witnessed the Complainant move from the steps prior to the Appellant attacking him. In fact, Nino stated that he never saw Hawkins do anything physically to the Appellant at all.** Moreover, the Commonwealth's evidence included photographs of the Complainant's injuries taken the night of the incident.[28] The Complainant's injuries were so severe (five insertion plates to his face, forty-seven stitches, and his jaw wired shut for approximately eight weeks) that the possibility of such damage being inflicted with one or two punches is remote. **Furthermore, the Appellant testified that he was not a professional boxer and had never received any training in boxing, only making his assertion that "one or two" punches inflicted that amount of damage less likely.**[29] The weight of the evidence supporting the Commonwealth's case was overwhelming when compared with the Appellant's unsubstantiated version of events. Therefore, the Appellant cannot demonstrate that a weight of the evidence claim would have had any merit, nor that he was prejudiced by counsel's failure to file a post-sentence motion preserving the claim. Consequently, trial counsel was not ineffective, and the Appellant's claims should be dismissed.

---

[27] The Complainant, Michael Hawkins, testified that he plead guilty to making terroristic related to one case on May 27, 2003 and two cases on May 22, 2004 (all three cases occurring in Delaware County, PA).
[28] See Exhibit C-1.
[29] Id. at p. 68.

9

## II.   APPELLATE COUNSEL WAS NOT INEFFECTIVE.

The Appellant's second issue on appeal is that the Court erred when it dismissed his Petition for Post-Conviction Relief because appellate counsel was ineffective for failing to seek to reinstate Appellant's rights to file post-sentence motions *nunc pro tunc* and by failing to raise "appropriate claims" on appeal.[30] However, appellate counsel was not ineffective, and this claim lacks merit.

In the instant case, the Appellant claimed that appellate counsel's failure to seek reinstatement of post-sentence motion to preserve a weight of the evidence claim constituted a "complete foreclosure of appellate review" and entitled him to a finding that counsel was ineffective *per se* pursuant to Commonwealth v. Lantzy, 736 A.2d 564 (Pa. 1999), Commonwealth v. Baker, 880 A.2d 654 (Pa. Super. 2005), Commonwealth v. Halley, 870 A.2d 795 (Pa. 2005), and Commonwealth v. Flores 909 A.2d 387 (Pa. Super. 2006). However, the Appellant's case is entirely inapposite to cases involving ineffectiveness per se as a result of counsel failing to perfect an appeal.

Appellate counsel for the Appellant filed a direct appeal raising 5 issues: (1) sufficiency of the evidence, (2) admissibility of his juvenile adjudication from 2003, (3) the trial court's refusal to find that his actions were justified, (4) the trial court's failure to find that the Appellant had committed second, rather than first, degree aggravated assault, and (5) that the verdict was against the weight of the evidence. The Superior Court reviewed all of his claims and dismissed four of them on the merits, noting that his weight of the evidence claim was waived for failure to preserve it via post-sentence motion. Neglecting to take steps to retroactively preserve a single issue, while

---

[30] While the Appellant claimed in his Petition that appellate counsel also failed to raise "appropriate issues" on appeal, he did not disclose what other issues appellate counsel should have brought, only arguing that counsel should have sought to have his right to file post-sentence motions reinstated so that he could raise a weight of the evidence claim. Therefore, the Court will only address this claim.

10

properly bringing several other issues that were reviewed on the merits does not constitute "complete foreclosure of appellate review."

In the cases cited by the Appellant establishing ineffectiveness *per se* by virtue of such foreclosure, defendants' counsel: (1) withdrew a requested direct appeal pursuant to a new sentencing agreement without obtaining a knowing, intelligent, voluntary waiver from his client (Lantzy)[31], (2) refused to file a direct appeal (Baker), (3) failed to file a 1925(b) Statement of Errors Complained of on Appeal, resulting in the waiver of all claims on appeal (Halley), and (4) failed to file a sufficiently specific 1925(b) Statement, resulting in the waiver of all claims on appeal (Flores). In these cases, the defendants were entirely precluded from having any of their claims reviewed on appeal. However, in the Appellant's case, four out of his five claims on appeal were directly reviewed on the merits.

Where an appellant's claims have in fact been reviewed on appeal, he has not been "completely foreclosed" from appellate review. See Commonwealth v. Hernandez, 755 A.2d 1, 9 n. 4 (Pa. Super. 2000) (contrasting cases where a defendant was "entirely denied his right to a direct appeal" with cases where "prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal"); Commonwealth v. Halley, 870 A.2d 795, 801 (Pa. 2005) (approving the distinction drawn in Hernandez between "failures that completely foreclose appellate review, and those which may result in narrowing its ambit"); Commonwealth v. Grosella, 902 A.2d 1290, 1293-94 (Pa. Super. 2006) (reinstatement of appellate rights *nunc pro tunc* inappropriate where only some issues were waived on direct appeal); Commonwealth v. Reed, 971 A.2d 1216, 1226-27 (Pa. 2009) (reinstatement of appellate rights *nunc pro tunc* inappropriate where deficiencies in appellate brief only resulted in waiver of *some* appellate issues). Therefore,

---

[31] The Superior Court in Lantzy found that the defendant did not knowingly, intelligently, or voluntarily withdraw the appeal by virtue of not knowing that the sentencing court had no authority to impose the agreed upon sentence.

11

the Appellant was not entitled to a finding that counsel was ineffective *per se* for his failure to seek reinstatement of post-sentence motions for the sake of a single weight of the evidence claim.

Since he was not entitled to a finding of ineffectiveness *per se,* the Appellant was required to meet all of the Strickland factors in order to establish that appellate counsel was ineffective. However, for the reasons stated in Section I(c) of this Opinion, *supra*, a weight of the evidence claim would have been entirely meritless. Therefore, the Appellant cannot demonstrate that appellate counsel was ineffective, and this claim fails.

## III. APPELLANT IS NOT ENTITLED TO RELIEF PURSUANT TO SECTION 9543(a)(2)(i) OF THE POST-CONVICTION RELIEF ACT.

The Appellant's third issue on appeal is that the Court erred when it dismissed his Petition for Post-Conviction Relief because he had established that his constitutional rights were violated by the introduction of hearsay evidence, the application of the incorrect offense gravity and prior record scores at sentencing, and a guilty verdict that was against the weight of the evidence. These claims lack merit for multiple reasons.

### a. The Appellant is not entitled to relief based on the admission of hearsay evidence.

As an initial matter, the Appellant's claim that his constitutional rights were violated by the introduction of hearsay evidence, i.e. that the trial court erred in allowing the admission of hearsay evidence, was non-cognizable on PCRA review because he could have raised it on direct appeal but did not. 42 Pa.C.S. §§ 9543(a)(3), 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, **on appeal** or in a prior state postconviction proceeding"). Therefore, the Court did not err when it dismissed his Petition.

Regardless, even if the issue of the improper introduction of hearsay evidence had not been waived prior to PCRA review, the Court did not err in dismissing the Appellant's Petition because despite his claim, he had not established a right to relief under 42 Pa.C.S. § 9543(a)(2)(i). Section

12

9543(a)(2)(i) provides a right to relief where the conviction is the result of "a violation of the Constitution of this Commonwealth or the Constitution or the laws of the United States **which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.**" In the instant case, the Appellant alleges that hearsay was introduced "by both the complainant and the arresting officers...[who] referenced the medical diagnosis made by the treating physician during their testimony." See Amended Petition 3/23/21, p. 4. While the Appellant never specifically identifies what statements exactly constituted hearsay in his Petition (in fact, at no point during the trial nor sentencing did any arresting officer or law enforcement personnel testify), the Appellant is likely referring to pages 21-28 of the transcript, wherein the Complainant is testifying as to his injuries and treatment resulting from the attack. During this testimony, the Complainant describes the treatment as involving 47 stitches on his left eye, right cheek, and mouth, multiple teeth being reattached, his jaw being wired shut for eight weeks, and five plates being put in his face. N.T. 2/16/18 p. 21-28. At no point does the Complainant actually relay a particular statement told to him by his treating physician during his testimony. Id.

While the Appellant does not identify a particular hearsay statement in his Petition, the Court surmises that he is referring to the Complainant's testimony that he received five plates in his face, as they were supposedly inserted during a surgery wherein the Complainant was under anesthesia. Thus, the only way the Complainant could know of the insertion of these plates is if someone else had told him. However, the Complainant had personal knowledge of his physical conditions: he could feel his mouth wired shut, see his stitches, knew he underwent surgery, lacked feeling in part of his face and observed his own lost teeth and reattachment. Id. Even if he did not personally observe or physically feel the plates in his face after the surgery, the statement that he

13

had plates put in his face was harmless and did not prejudice the Appellant. See Commonwealth v. Small, 890 A.2d 549 562 (Pa. 2009) (holding inadmissible hearsay was harmless error because it was cumulative of non-hearsay evidence admitted at trial). The fact that the Complainant's jaw was wired shut for eight weeks was alone sufficient to find that he had suffered a serious bodily injury as a result of the attack and sustain a conviction for Aggravated Assault. See Nichols, 692 A.2d at 184, *supra* (finding of serious bodily injury where complainant suffered a broken jaw which was wired shut for six weeks).

Therefore, when one considers the circumstances of this particular case, the Appellant cannot demonstrate that any such violation of the hearsay rule "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Consequently, the Court did not err when it dismissed the Appellant's Petition, and his claim should be dismissed.

### b. The Appellant is not entitled to relief based on his claim that he was sentenced under the incorrect Offense Gravity and Prior Record Scores.

The Appellant next claims that he is entitled to relief pursuant to 42 Pa.C.S. § 9543(a)(2)(i) because he was sentenced under the incorrect Offense Gravity and Prior Record Scores. This claim lacks merit because it is premised on the false assertion that the Offense Gravity and Prior Record Scores were incorrect, when in fact they were correct.[32]

First, the Appellant claims that the Offense Gravity Score for his Aggravated Assault conviction should have been a 10 or less, rather than 11, because the Complainant did not suffer a "serious bodily injury." However, the evidence presented at trial established that the Complainant's jaw was wired shut for eight weeks as a result of the injuries he sustained during

---

[32] See Section I(b) of this Opinion, *supra.*

14

the attack. Under <u>Nichols</u>, *supra*, the Superior Court has held that serious bodily injury occurred where a complainant's jaw was wired shut for six weeks.

Second, the Appellant claims that his Prior Record Score (PRS) was calculated incorrectly because his previous DUI conviction was a first offense and should not have been included in the PRS calculation. However, review of the presentence investigation report shows that the Appellant has *two* prior DUI convictions, one of which was a first offense and correctly not included in the PRS calculation, and another which was a subsequent offense and thus correctly included in the PRS calculation.

The Appellant further argues that his prior felony drug charge should not have been considered in the PRS calculation because the conviction was older than ten (10) years at the date of his sentencing. However, the Appellant provides no rule nor statute no precedent that requires that convictions older than ten years be disregarded in calculating prior record scores. On the contrary, the Superior Court has ruled that "the [Sentencing] Code has no specified look back period and counts DUI's regardless of conviction date." <u>Commonwealth v. Cook</u>, 9414 A.2d 7, 12 (Pa. Super. 2007). Therefore, the Offense Gravity and Prior Record Scores used at the Appellant's sentencing hearing were correct, and his claim should be dismissed.

### c. The Appellant is not entitled to relief based on the verdict being against the weight of the evidence.

The Appellant next claims that he is entitled to relief pursuant to 42 Pa.C.S. § 9543(a)(2)(i) because the verdict was against the weight of the evidence. However, for the reasons discussed in Section I(c) of this Opinion, *supra,* the verdict was *not* against the weight of the evidence. Therefore, the Court did not err when dismissing the Appellant's Petition, and this claim should be dismissed.

15

## IV.   THE COURT DID NOT ERR WHEN IT DISMISSED THE APPELLANT'S PETITION WITHOUT A HEARING.

The Appellant's final issue on appeal is that that Court erred when it denied the Appellant's Petition for Post-Conviction Relief without an evidentiary hearing. This claim also lacks merit.

A petitioner's right to an evidentiary hearing is not absolute. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001); Commonwealth v. Walker, 36 A.3d 1, 17 (Pa. Super. 2011) (PCRA petitioners are not automatically entitled to evidentiary hearings). An evidentiary hearing is only required when a petitioner presents a genuine issue of material fact. Walker, 36 A.3d at 17. Moreover, the Court may use its discretion to determine if any of the petitioner's claims warrant a hearing. If a PCRA court determines that claims raised are without merit and would not entitle the petitioner to post-conviction collateral relief, the court may deny a petition without an evidentiary hearing. Commonwealth v. Payne, 794 A.2d 902, 906 (Pa. Super. 2002); Pa.R.Crim.P. 907.

Under Pa.R.Crim.P. 907(4), when a PCRA petition is dismissed without a hearing, a judge shall promptly issue an order advising the defendant by certified mail (return receipt requested) of his right to appeal the final order and the time limits to appeal.[33] This procedure must be followed if the PCRA Court dismisses a petition without a hearing.[34] Under the law, if the Court follows this procedure, it has not abused discretion.

In this case, the Appellant was not entitled to an evidentiary hearing because he never presented any genuine issues of material fact. "A fact is considered material if its resolution could affect the outcome of the case under the governing law." Hospital & Healthsystem Association of Pennsylvania v. Commonwealth, 77 A.3d 587, 602 (Pa. 2013). The sum of the Appellant's claims

---

[33] Pa.R.Crim.P. Rule 907(4).
[34] Id.

16

on PCRA review were: (1) ineffective assistance of trial counsel for failure to present medical records and testimony of medical professionals, failing to object to the application of the incorrect offense gravity and prior record scores at sentencing, and failing to file post-sentence motions preserving a weight of the evidence claim; (2) ineffective assistance of appellate counsel for failing to seek to reinstate post-sentence motions *nunc pro tunc* and to raise "appropriate claims" on appeal; and (3) that Appellant's constitutional rights were violated by the introduction of hearsay evidence, the application of the incorrect offense gravity and prior record scores at sentencing, and a guilty verdict that was against the weight of the evidence. Every single one of the Appellant's claims on PCRA review were dependent on facts already in the record. **None** of the Appellant's claims were dependent on any outside facts that could have been presented at an evidentiary hearing or had any effect on the disposition of his claims. Consequently, the Court properly dismissed the Petition without a hearing for the reasons discussed in this Opinion, *supra.*

Therefore, the Court did not err, and the Appellant's claim should be dismissed.

## CONCLUSION

The Appellant claims that this Court erred when dismissing his Petition for Post-Conviction Relief without a hearing. He supports this claim by alleging that: (1) trial counsel was ineffective for failing to subpoena or present medical records or testimony from the Complainant's treating physicians, (2) trial counsel was ineffective for failing to object to the application of the incorrect offense gravity and prior record scores at sentencing, (3) trial counsel was ineffective for failing to file post-sentence motions to preserve a weight of the evidence claim, (4) appellate counsel was ineffective for failing to seek to reinstate post-sentence motions for the purpose of preserving a weight of the evidence claim, (5) that his constitutional rights were violated by the introduction of hearsay evidence, (6) that his constitutional rights were violated by the application of incorrect offense gravity and prior record scores at sentencing, and (7) that his constitutional rights were violated because the verdict was against the weight of the evidence. However, none of these contentions have merit.

First, both the Commonwealth and trial counsel in fact **did** subpoena the Complainant's medical records, and even obtained a court order for their production. The Veterans Administration Hospital refused to provide them. Therefore, counsel was not ineffective. Moreover, counsel was not ineffective for failing to present testimony from the treating physicians because the Appellant's claim that it would have contradicted the Complainant's testimony regarding the extent of his injuries is entirely speculative, especially considering that the Complainant's testimony was supported by photographic evidence.

Second, both the offense gravity and prior record scores used at sentencing were in fact correct. Therefore, trial counsel was not ineffective for failing to object to them.

18

Third, for the reasons stated in Section I(c) of this Opinion, *supra,* a weight of the evidence claim would have been entirely meritless. Therefore, trial counsel was not ineffective for failing to raise it in a post-sentence motion.

Fourth, for the reasons stated in Section I(c) of this Opinion, *supra,* a weight of the evidence claim would have been entirely meritless. Therefore, appellate counsel was not ineffective for failing to seek to reinstate post-sentence motions in order to raise a weight of the evidence claim. Moreover, since the Superior Court reviewed all of the Appellant's remaining claims on their merits, appellate counsel was not *per se* ineffective.

Fifth, any possible hearsay evidence that may have been introduced by the Complainant detailing the treatment of his injuries as a result of the attack was merely cumulative. Therefore, the Appellant was not prejudiced, and his rights were not violated.

Sixth, as stated previously, the offense gravity and prior record scores used at sentencing were in fact correct, and the Appellant's rights were not violated.

Seventh, for the reasons stated in Section I(c) of this Opinion, *supra,* the verdict was not against the weight of the evidence, and the Appellant's rights were not violated.

Finally, the Court's dismissal of the Appellant's Petition without an evidentiary hearing was proper, as all of the Appellant's claims were dependent on facts already in the record and could not have been materially supported by any outside evidence. Therefore, the Appellant was not entitled to an evidentiary hearing, and was not prejudiced.

Consequently, the Appellant's claims should be denied.

By the Court,

Glynnis D. Hill, Judge

19

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | TRIAL DIVISION |
| | : | CRIMINAL SECTION |
| | : | |
| VS. | : | CP-51-CR-0004926-2017 |
| | : | |
| | : | 1555 EDA 2021 |
| DAMIRE WARREN | : | |

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon the following persons on the 12th day of April, 2022.

Lawrence J. O'Connor, Esquire
2301 Cherry Street
Suite 6A
Philadelphia, PA 19103

Lawrence Goode, Esquire
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107

Damire Warren
Inmate #NJ2668
SCI Chester
500 E. 4th Street
Chester, PA 19013

_4/12/2022_
**DATE**

_Glynnis P. Hill_
**HONORABLE GLYNNIS D. HILL**

20